**Ahmed BADR, Petitioner,**

v.

**John ASHCROFT, U.S. Attorney General, Respondent.**

No. 01–71326.

INS No. A70–930–286.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2002.

Decided Feb. 6, 2003.

Before BRIGHT,* GOODWIN and TASHIMA, Circuit Judges.

## MEMORANDUM**

Ahmed Badr ("Badr"), a native and citizen of Egypt, petitions for review of a final order of the Board of Immigration Appeals ("BIA"), filed July 12, 2001, denying his request to reopen his proceedings to apply for suspension of deportation and asylum and denying his motion to reconsider its

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.
** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

order of April 26, 2001. The April 26 order dismissed Badr's appeal of an immigration judge's ("IJ's") denial of a motion to reopen deportation proceedings.

The BIA had jurisdiction pursuant to 8 C.F.R. § 3.2. We have jurisdiction over his petition under 8 U.S.C. § 1105a, as amended by the Illegal Immigration Reform and Immigration Responsibility Act of 1996, Pub. L. 104–208, Div. C, 110 Stat. 3009–546, (Sept. 30, 1996) ("IIRIRA") § 309(c)(4). We deny the petition.[1]

We review for abuse of discretion the BIA's denial of a motion to reconsider. *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). The denial of a motion to reopen is also reviewed for an abuse of discretion. *Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1222 (9th Cir.2002).

Badr challenges an in absentia deportation order, arguing that his failure to appear was due to lack of notice of the hearing. Badr waived notice. In its order of April 26, 2001, the BIA found that Badr was provided notice of the deportation hearing. In his motion for reconsideration, however, he failed to challenge the BIA's finding. *See* 8 C.F.R. § 3.2(b)(1) (stating that a motion for reconsideration "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority"). Although his Brief in Support of the Motion to Reconsider noted that he had not received notice, it argued that the BIA should reconsider its earlier holding in light of Badr's "prima facie eligibility for the reliefs of Asylum/withholding and suspension

---

1. Because the parties are familiar with the facts and prior proceedings of this case, we will not repeat them here, except to the extent required to explain our reasoning.

of deportation." He did not argue that the BIA erred in finding that he received notice. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

■ Badr now argues that this court can consider the April 26, 2001, order because it is "incorporated into" the July 12, 2001, order. However, on a petition for review of the BIA's denial of a motion to reconsider a dismissal of an appeal, we do not have jurisdiction to consider both orders when a petition for review of the underlying order would be time-barred. *See Martinez–Serrano,* 94 F.3d at 1258 (9th Cir.1996) (discussing *Stone v. INS,* 514 U.S. 386, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995), in which the Supreme Court rejected the Ninth Circuit's prior rule that allowed the motion to reconsider to toll the statutory time to appeal the underlying order). The BIA's final order dismissing Badr's appeal of the IJ's denial of his motion to reopen was filed on April 26, 2001. Badr filed his petition for review in this court on August 7, 2001. This is beyond the 30–day statutory period for appeals of BIA decisions. *See* IIRIRA § 309(c)(4)(C). The 30–day time limit is mandatory and jurisdictional. *See Martinez–Serrano,* 94 F.3d at 1258. Therefore, we do not have jurisdiction to review the BIA's order of April 26, 2001.[2]

■ Badr also argues that the BIA abused its discretion by refusing to reopen and remand his case based on his marriage to a United States citizen The BIA rejected his request because he failed to submit evidence that his visa was immediately available. The governing regulations preclude application for adjustment of status based on marriage to a United States citizen unless the immigrant visa is immediately available. *See* 8 C.F.R. § 245.2; *Matter of Arthur,* 20 I & N Dec. 475, 479, 1992 WL 195807 (BIA 1992) (holding that, in light of congressional intent expressed in Immigration Marriage Fraud Amendments of 1986, the BIA will "decline to grant motions to reopen for consideration of applications for adjustment of status based upon unadjudicated visa petitions"). Badr is not eligible for the exception to *Matter of Arthur* established in *In re Velarde–Pancheco,* 23 I & N Dec. 253, 2002 WL 393173 (BIA 2002), because his motion to reopen was not timely filed. *See id.* at 256. Citing *Konstantinova v. INS,* 195 F.3d 528 (9th Cir.1999), Badr argues that, because his motion to remand was unopposed, the BIA abused its discretion by denying his request. Unlike the petitioners in *Konstantinova,* Badr does not contend that through a mere procedural error he failed to submit documentary evidence of an already approved visa petition. There is no indication that the visa was approved when Badr filed his motions before BIA. Moreover, because his visa petition is based on marriage, his case is governed by the requirements of *Matter of Arthur.* The BIA did not abuse its discretion in refusing to remand Badr's case.

Accordingly, the order of the BIA is affirmed and the petition for review is DENIED.

---

**2.** Badr also argues that jurisdiction can be raised at any time. However, this argument confuses subject matter jurisdiction with personal jurisdiction which can be waived.