NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0902n.06
Filed: December 18, 2006

No. 05-3993

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| HASSAN IBRAHIM EL HARAKE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW FROM THE |
| | ) | BOARD OF IMMIGRATION APPEALS |
| ALBERTO R. GONZALES, Attorney General, | ) | |
| | ) | |
| | ) | |
| Respondent. | | |

Before:  CLAY and ROGERS, Circuit Judges; and KATZ, District Judge.*

**ROGERS, Circuit Judge.**  Petitioner Hassan Ibrahim El Harake, a Lebanese citizen living in the United States, married Mirvat Masri Alderawi, a United States citizen, after the United States government began removal proceedings against him for overstaying his visa.  At the removal proceedings, El Harake moved for a continuance because an I-130 petition filed by his wife on his behalf was pending.  The Immigration Judge ("IJ") denied this continuance because El Harake presented no evidence that his marriage was bona fide.  El Harake appealed to the Board of Immigration Appeals ("BIA"), and also filed a motion to remand.  The BIA affirmed the IJ's denial of El Harake's motion for continuance and denied El Harake's motion to remand.  El Harake then

---

*The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

filed a petition for review with this court arguing a number of due process violations associated with the removal proceedings. He also argues that the IJ erred by denying his motion for continuance and that the BIA erred by denying his motion to remand.

We deny the petition for review. El Harake's due process arguments are without merit because the IJ gave him an opportunity to be heard and present evidence at the removal proceedings. In addition, this court does not have jurisdiction to consider El Harake's argument that he was denied due process because of ineffective assistance of counsel during the removal proceedings. El Harake did not raise that argument until a motion to reconsider, and El Harake did not file a petition for review of the BIA's decision denying that motion. Finally, the IJ did not abuse her discretion by denying El Harake's motion for continuance, and the BIA did not abuse its discretion by denying El Harake's motion to remand.

## Background

El Harake, a citizen of Lebanon, came to the United States on or about December 7, 1999, on a nonimmigrant B-2 visa, with permission to remain until June 6, 2000. El Harake remained in the United States after June 6, 2000, and after receiving a Notice to Appear ("NTA"), appeared before the IJ for removal proceedings on November 26, 2002. At this hearing, the IJ told El Harake that he had a right to counsel and continued the hearing until February 27, 2004, so that El Harake could obtain counsel.

On April 24, 2003, El Harake married Alderawi, a United States citizen. On or about August

10, 2003, Alderawi filed an I-130 Petition for Alien Relative[1] on behalf of El Harake. Alderawi filed a second I-130 Petition on March 17, 2004, purportedly because of a "clerical error" in the first I-130 petition.

On February 27, 2004, the IJ held a removal hearing, at which El Harake was represented by counsel. At the hearing, El Harake acknowledged that he received an NTA,[2] conceded that he was subject to removal,[3] and requested voluntary departure in lieu of deportation. El Harake's counsel then requested a continuance because of the pending I-130 petition. The IJ denied the motion for continuance because El Harake presented only a marriage certificate as evidence that his marriage to Alderawi was bona fide.[4] The IJ did grant El Harake voluntary departure.

---

[1]There are two major steps that must occur before an alien living in the United States can become a lawful permanent resident by reason of his marriage to a U.S. citizen. First, the alien's spouse must file an I-130 petition with the Department of Homeland Security ("DHS"). The I-130 petition proves the relationship between the alien and his citizen-spouse. Second, the alien must file a Form I-485 requesting an adjustment to the alien's status (i.e., adjustment from alien subject to removal to lawful permanent resident).

[2]Although El Harake received an NTA prior to the initial hearing held on November 26, 2002, the NTA that the IJ referred to during the February 27, 2004, hearing appears to be a second notice that the DHS filed on January 7, 2003. El Harake, in his brief, states that he was served an NTA on April 28, 2003, but the record does not support this fact. While this factual disparity would contradict the IJ's finding that El Harake married Alderawi after he received the NTA, El Harake does not argue that he married Alderawi before he received the NTA, and thus it simply appears that the April 28, 2003 date in El Harake's brief was an error.

[3]El Harake was subject to removal under § 237(a)(1)(B) of the Immigration and Nationality Act. *See* 8 U.S.C. § 1227(a)(1)(B).

[4]If an alien marries a U.S. citizen after removal proceedings are brought against him, the Attorney General cannot adjust the alien's status unless the alien proves, by clear and convincing evidence, that the marriage was bona fide. *See* 8 U.S.C. §§ 1255(e); 1154(g).

El Harake timely appealed the IJ's order to the BIA. Before the BIA acted on the appeal, El Harake filed a Motion to Remand with the BIA, asking the BIA to remand the case to the IJ so that El Harake could present evidence of the bona fides of his marriage to Alderawi. El Harake included with this motion a copy of the March 17, 2004, I-130 petition, as well as exhibits purporting to show the bona fides of the marriage (tax returns, utility bills, insurance forms, bank statements, and photographs). The Government opposed the motion to remand.

On July 8, 2005, the BIA affirmed the IJ's order and denied El Harake's motion to remand. The BIA "adopt[ed] and affirm[ed] the decision of the Immigration Judge finding [El Harake] subject to removal as charged and denying his request for an open-ended continuance to await a decision on a Petition for Alien Relative (I-130) filed on his behalf by his United States citizen spouse." AR 147.[5] The BIA also denied El Harake's motion to remand because, "[i]n view of the [DHS's] opposition to the motion and the absence of an approved visa, [El Harake was] unable to demonstrate that remanding the record for adjustment of status [was] warranted." AR 147.

On August 4, 2005, El Harake filed a Motion to Reconsider with the BIA. First, El Harake argued that the BIA erred by affirming the IJ's order because the BIA "had in its possession crucial evidence of the bona fides of Mr. and Mrs. El Harake's marriage that was not presented to the IJ (due to ineffective assistance of counsel)." AR 33. Second, El Harake argued that he "was the victim of the ineffective assistance of his prior counsel . . . because the IJ never had the opportunity to consider

---

[5]"AR" refers to the Certified Administrative Record, which this court permitted El Harake to file in lieu of a joint appendix.

the bona fides of his marriage, and the BIA failed to make a finding of fact as to whether Mr. El Harake established the bona fides of his marriage." AR 33-34.

On November 1, 2005, the BIA denied El Harake's motion to reconsider. First, the BIA held that its July 8, 2005, decision was correct because the IJ "exercised sound discretion in denying" El Harake's request for a continuance. AR 3. Specifically, the BIA found that "no purpose other than an unnecessary delay of the proceedings would have been served by a continuance" because there was "no indication as to how long it would take to conclude the adjudication of" El Harake's I-130 petition, and because there was "no certainty" that the petition "would receive approbation." AR 2-3. Second, the BIA held that El Harake failed to comply with the procedural requirements of *In re Lozada*, 19 I&N Dec. 637, 639 (BIA), *aff'd*, 857 F.2d 10 (1st Cir. 1988), with respect to his ineffective-assistance-of-counsel claims. According to the BIA, El Harake was required to give James Hoare, his former counsel, notice and an opportunity to respond to the allegations before the allegations were presented to the BIA. Although El Harake wrote a letter to Hoare describing the allegations on July 28, 2005, the BIA held that El Harake did not give Hoare an adequate opportunity to respond before filing the motion to reconsider with the BIA on August 4, 2005.

El Harake filed a Petition for Review with this court on August 5, 2005. The petition, therefore, was filed after the BIA's initial decision affirming the IJ's order finding El Harake removable and denying El Harake's motion to remand, but before the BIA's decision denying El Harake's motion to reconsider. The petition noted both that the motion to reconsider had been filed with the BIA and that the motion included a claim of ineffective assistance of counsel. However,

El Harake did not file a petition for review after the BIA's November 1, 2005, decision denying his motion to reconsider.

**Discussion**

1.      El Harake's Due Process Claims

El Harake makes three due process arguments on appeal.  First, El Harake argues that the IJ violated his due process rights by denying him an opportunity to present evidence, interrupting his counsel during the removal proceedings, and denying him an opportunity to create a record for appeal.  Second, El Harake argues that the IJ and BIA violated his due process rights by failing to comply with statutes and regulations governing how the IJ and BIA should conduct hearings and appeals.  Third, El Harake argues that his due process rights were violated because his counsel at the removal proceeding was ineffective.  Each of these arguments is without merit.

   *a.      Opportunity to Present Evidence*

The IJ did not violate El Harake's due process rights because El Harake had an adequate opportunity to present evidence at his removal proceeding.  An alien in a removal proceeding has a right to a full and fair hearing.  El Harake had such an opportunity, during which his counsel stated that the only evidence he had of the bona fides of El Harake's marriage was the marriage certificate itself.  AR 318.  Because El Harake did not attempt to offer additional evidence during the hearing, the IJ did not deny him the opportunity to present evidence. *See Gilaj v. Gonzales*, 408 F.3d 275,

290 (6th Cir. 2005) (stating that because petitioners did not attempt to make a closing statement during a hearing, "it is not fair to say that the IJ denied them an opportunity to present one").

Nor did the IJ violate El Harake's due process rights by interrupting his counsel during the proceeding. El Harake argues that the IJ interrupted El Harake's counsel when his counsel tried to explain that other evidence existed, but was simply not available at the hearing.[6] This court has recognized that "mere intimidation or interruption by a judge does not render a hearing unfair." *Ahmed v. Gonzales*, 398 F.3d 722, 725 (6th Cir. 2005) (citing *Ivezaj v. INS*, 84 F.3d 215, 220 (6th Cir. 1996)). Any interruption by the IJ was minimal, and at no point did the IJ prevent El Harake's counsel from advocating on behalf of his client.[7] El Harake essentially argues that by not allowing

_____

[6]The exchange El Harake complains about was as follows:

Q: And all we have is a marriage certificate?
A: That's all I have at this particular time. I concur with all of those statements, but I think that the hearing on the I-130, we have to produce whatever documentary evidence we have at that time.
Q: Well that's fine, but if you're seeking a continuance for adjudication of the I-130, you have to establish that, or there's prima facie evidence that there's a good faith marriage.
A: And I've attached the only documents that I have at this point –
Q: Then I find that you haven't established, or (indiscernible) that there is a presumption that marriage after the inception of proceedings is one for the purpose of obtaining Immigration benefit. I can give you 120-days voluntary departure today, if the respondent waives appeal.
A: No, I'll do merit.
Q: All right, then we'll go to a separate tape for an oral decision.

AR 318.

[7]El Harake's reliance upon *Podio v. INS*, 153 F.3d 506 (7th Cir. 1998) is unavailing. In *Podio*, the Seventh Circuit held that an IJ violated Podio's due process rights by repeatedly interrupting Podio, stating that he did not "want to hear anything" about certain topics, and

him to present evidence at another time, the IJ denied him due process. El Harake provides no

support for this argument that due process required the IJ to provide El Harake an opportunity to be

heard whenever El Harake desired.

The IJ also did not deny El Harake the opportunity to create a record for appeal. El Harake

refers to *Ladha v. INS*, 215 F.3d 889, 903-04 (9th Cir. 2000), for the proposition that "when an IJ

makes a determination to exclude evidence, or not to consider it at all . . . , she must accept and

identify documents so there is a record on appeal." El Harake Br. at 22. Here, the IJ did not decide

"not to consider [El Harake's evidence] at all." El Harake had no evidence to produce at the time

of the hearing (other than the marriage certificate, which the IJ considered).[8] El Harake once again

confuses an IJ's obligation to permit an alien to present evidence at a hearing, and a decision by an

IJ not to permit an alien the opportunity to present evidence at another time.[9]

---

preventing Podio from presenting testimony of witnesses, stating: "I don't care about them." *Id.* at 508. Here, the IJ did not affirmatively deny El Harake the opportunity to testify or present evidence, but only interrupted El Harake's counsel when he sought to explain why evidence was unavailable.

[8]Contrary to El Harake's argument, the Eighth Circuit's decision in *Al Khouri v. Ashcroft*, 362 F.3d 461 (8th Cir. 2004), is not on point. In *Al Khouri*, the court held that the IJ violated Al Khouri's due process rights by "curtailing Mr. Al Khouri's testimony and circumscribing his ability to elaborate on the details of his claim by instructing him only to answer the questions asked and then concluding that Mr. Al Khouri's limited responses undermined his credibility." *Id.* at 465. Importantly, the court held that the IJ had an obligation to develop the record because Al Khouri was not represented by counsel. *Id.* at 464-65. Here, El Harake was represented by counsel and the IJ did not prevent him from presenting evidence.

[9]El Harake's frequent appeal to Congress's intent "that aliens who marry after proceedings have been initiated, and who seek adjustment of status, should be afforded one opportunity to present clear and convincing evidence that their marriage is bona fide" is unavailing. *See* El Harake Br. at 20. The IJ gave El Harake his opportunity to present evidence that the marriage was bona fide, but

> b.       *Failure to Follow Procedures*

The IJ and BIA did not violate El Harake's due process rights by failing to comply with their own rules and regulations, *see United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), because the IJ and BIA did not violate any statutes or regulations while considering El Harake's case.[10]   El Harake's argument is mostly a rehashing of his denial-of-the-opportunity-to-present-evidence due process claim,[11] which is foreclosed by the analysis above concluding that the IJ did

---

El Harake had no evidence to present at that time.  El Harake does not point this court to any authority requiring the IJ or BIA to give him an additional opportunity to present evidence.

[10] El Harake refers to a number of statutes and regulations governing the conduct of a removal hearing.  *See* 8 U.S.C. § 1229a(b)(1) ("The immigration judge shall administer oaths, receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses."); 8 U.S.C. § 1229a(b)(4)(B) ("[T]he alien shall have a reasonable opportunity to examine the evidence against the alien, to present evidence on the alien's own behalf, and to cross-examine witnesses presented by the Government."); 8 U.S.C. § 1229a(b)(4)(C) ("[A] complete record shall be kept of all testimony and evidence produced at the proceeding."); 8 C.F.R. § 1240.47 ("The hearing before the immigration judge, including the testimony, exhibits, applications, proffers, and requests, the immigration judge's decision, and all written orders, motions, appeals, briefs, and other papers filed in the proceedings shall constitute the record in the case."); 8 C.F.R. § 1240.48(a) ("The immigration judge shall . . . advise the respondent that he or she will have a reasonable opportunity to examine and object to the evidence against him or her, to present evidence in his or her own behalf and to cross-examine witnesses presented by the Government; [and] place the respondent under oath."); 8 C.F.R. § 1240.48(b) ("If the respondent admits the factual allegations and admits his or her deportability under the charges and the immigration judge is satisfied that no issues of law or fact remain, the immigration judge may determine that deportability as charged has been established by the admissions of the respondent.").

[11] El Harake states that the IJ "refused to follow her statutory and regulatory mandate to accept sworn testimony from Mr. El Harake, his United States citizen wife, and other witnesses pertaining to the bona fides of their marriage and allow submission of documentary evidence on the bona fides of the marriage."  El Harake Br. at 27.  El Harake also states that the IJ "failed to allow [El Harake] to create a record for appeal," and complains that "the IJ's interruption of Mr. El Harake's representative and refusal to allow a continuance to produce evidence" violated DHS regulations.

not deny El Harake an opportunity to present evidence because El Harake had no evidence to

present.[12]

       c.      *Ineffective Assistance of Counsel*

      This court does not have jurisdiction to review El Harake's claims of ineffective assistance

---

El Harake Br. at 27. Finally, El Harake states that "[p]erhaps the most damaging error committed by the IJ was her refusal to allow [El Harake] the opportunity to present evidence to support the validity of his marriage." El Harake Br. at 27.

    [12]El Harake does make one argument for how the IJ failed to comply with DHS regulations that is different from his previous due process arguments, but it too is unpersuasive. Referring to *In re A-P-*, 22 I&N Dec. 468 (BIA 1999), El Harake argues that an IJ is prohibited from entering a "summary decision . . . where further fact-finding or analysis is necessary to resolve an issue that remains after the respondent has admitted to the factual allegations and charges of removability." El Harake Br. at 28. *In re A-P-* is a decision based on a regulation no longer in force that governed "summary decisions"—i.e., "abbreviated" decisions that the IJ may issue in "limited circumstances." *In re A-P-*, 22 I&N at 470-71. Here, the IJ did not issue a "summary decision" but issued an oral decision explaining in detail why El Harake was subject to removal. *See* AR 292-96.

    El Harake also argues that the IJ's denial of his motion for continuance was a denial of due process. The Supreme Court has held that "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). This court has held that "[t]he failure to be granted discretionary relief does not amount to a deprivation of a liberty interest." *Huicochea-Gomez v. INS*, 237 F.3d 696, 700 (6th Cir. 2001). Therefore, the IJ's denial of discretionary relief to El Harake did not amount to a denial of due process. *Abu-Khaliel v. Gonzales*, 436 F.3d 627, 635 (6th Cir. 2006) (holding that denial of continuance is not a denial of due process because grant of continuance is discretionary). Furthermore, the facts that the IJ's denial of El Harake's motion for continuance was not an abuse of discretion and that El Harke had an opportunity to present evidence at the hearing foreclose El Harake's argument that the IJ's denial of the motion was a violation of due process. *See infra* Part 2.a.

    Additionally, El Harake's argument that the IJ violated his due process rights by deciding his case even though the IJ "realized that additional evidence existed" is without merit for the same reason stated above—the IJ is not required to permit an alien to produce evidence not available at the hearing.

of counsel because El Harake failed to file a petition for review of the BIA's decision denying his motion to reconsider. Under 8 U.S.C. § 1252(b)(1), a petition for review of a removal order must be filed with the court of appeals within 30 days. Here, El Harake failed to file a petition for review of the BIA's decision denying his motion to reconsider. Therefore, this court does not have jurisdiction to review that decision. *See, e.g.*, *Prekaj v. INS*, 384 F.3d 265, 267-68 (6th Cir. 2004); *see also Stone v. INS*, 514 U.S. 386, 394-95, 403 (1995) (noting that an earlier version of 8 U.S.C. § 1252(b)(6), which required consolidation of review of an order under 8 U.S.C. § 1252 with review of a motion to reconsider, contemplates the filing of two petitions for review where a motion to reconsider leads to a second BIA decision).

2.      Denial of Motion for Continuance and Motion to Remand

This court reviews both a denial of a motion for continuance and a denial of a motion to remand for an abuse of discretion. *Abu-Khaliel*, 436 F.3d at 634. There is an abuse of discretion if "the denial . . . was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination." *Id.*

a.      *Motion for Continuance*

The BIA did not err with respect to El Harake's motion for continuance because the IJ did not abuse her discretion by denying the motion.[13] El Harake requested a continuance from the IJ to

---

[13]El Harake does not argue that the IJ abused her discretion by failing to grant a continuance, but instead that the BIA erred by not finding that El Harake had shown "good cause." "Good cause"

allow time for the DHS to adjudicate the separate I-130 petition. *See* AR 317-18. The IJ denied the

motion for continuance because El Harake did not submit evidence in addition to the marriage

certificate showing that the marriage was bona fide.[14] AR 294. The BIA affirmed the IJ's denial of

El Harake's "request for an open-ended continuance to await a decision on a Petition for Alien

Relative (I-130) filed on his behalf by his United States spouse." AR 147. The IJ's denial of the

motion for continuance because El Harake presented no evidence to show that the I-130 petition

would be successful was not irrational. *Cf. Zafar v. United States Att'y Gen.*, 461 F.3d 1357, 1364

(11th Cir. 2006) (holding that denial of motions for continuance was not an abuse of discretion

"[g]iven that petitioners had filed only labor certificate applications with the DOL, were not yet

statutorily eligible for adjustment of status under § 1255(i), and had not filed I-485 applications for

---

is the standard that the IJ uses to determine whether to grant a continuance, *see* 8 C.F.R. § 1003.29, whereas this court reviews the IJ's denial of a continuance for abuse of discretion. Thus, El Harake is arguing the wrong standard of review before this court.

[14]The IJ explained during the hearing that "if you're seeking a continuance for adjudication of the I-130, you have to establish that, or there's a prima facie evidence that there's a good faith marriage." AR 318. In her oral decision, the IJ stated the following:

> The respondent has submitted solely a marriage certificate on the issue of a request for a continuance under the Board decision in *Matter of Velarde*. The Court finds that there is no indicia to overcome the presumption of a fraudulent marriage based solely upon a marriage certificate, indeed, there is no evidence that the respondent would have immediately available [an] immigrant visa assuming arguendo that the I-130 would be filed.

AR 294.

adjustment-of-status relief under § 1255(i)").[15]  Therefore, the IJ did not abuse her discretion.


b.      *Motion to Remand*


The BIA did not abuse its discretion by denying El Harake's motion to remand.  The BIA has

discretion to grant a motion to reopen[16]—in the absence of a previously issued visa—where "(1) the

motion is timely filed; (2) the motion is not numerically barred by the regulations; (3) the motion is

---

[15]Two Seventh Circuit cases holding that an IJ's denial of a continuance was an abuse of discretion are distinguishable.  In *Subhan v. Ashcroft*, 383 F.3d 591, 593 (7th Cir. 2004), an alien requested a continuance from the IJ so that he could obtain labor certificates which would have permitted him to remain in the United States.  The IJ denied the continuance "saying that while Subhan 'may be able to eventually acquire lawful permanent resident status by virtue of employment,' not having done so as yet he was 'not eligible for this form of relief at this time.'" *Id.* The Seventh Circuit held that the IJ's denial of the continuance was an abuse of discretion because the IJ's statement "was not a *reason* for denying the motion for a . . . continuance, but merely a statement of the obvious:  that the labor departments hadn't yet acted." *Id.* at 595 (emphasis in original).  In *Benslimane v. Gonzales*, 430 F.3d 828, 830 (7th Cir. 2005), an alien sought a continuance so that his wife's I-130 petition and his I-485 adjustment-of-status petition could be adjudicated.  The IJ denied the continuance because the alien's attorney failed to submit a copy of the I-485 petition as the IJ had requested. *Id.* at 831.  The Seventh Circuit held that this was an abuse of discretion because "the circumstances of this case [were] similar to those in *Subhan*" and the IJ "arbitrarily den[ied]" the continuance." *Id.* at 832.
  These cases are distinguishable.  Whereas in *Subhan*, the IJ gave no reason for denying the continuance, and in *Benslimane*, the IJ gave an arbitrary reason, here, the IJ gave a rational reason: El Harake did not provide any evidence that suggested that he had any likelihood of success in adjudicating his I-485 petition.  It cannot be the case that anytime an alien files an I-485 petition or has an I-130 petition filed on his behalf, the IJ is *required* to grant a continuance.  Such a view would conflict with the discretion that the regulations explicitly provide to the IJ. *See* 8 C.F.R. § 1003.29 ("The Immigration Judge *may* grant a motion for continuance for good cause shown." (emphasis added)).  As discussed *supra*, an IJ's denial of a continuance should be upheld so long as it is not irrational.  Here, the IJ's requirement that El Harake make at least some showing of a likelihood of success before granting a continuance is not irrational.

[16]A "motion to remand" is generally treated the same as a "motion to reopen." *See Pilica v. Ashcroft*, 388 F.3d 941, 945 n.3 (6th Cir. 2004).

not barred by [*In re*] *Shaar*, 21 I&N Dec. 541 (BIA 1996), or on any other procedural grounds; (4)

the motion presents clear and convincing evidence indicating a strong likelihood that the

respondent's marriage is bona fide; and (5) the Service either does not oppose the motion or bases

its opposition solely on [*In re Arthur*, 20 I&N Dec. 475 (BIA 1992)]."[17] *In re Velarde-Pacheco*, 23

I&N Dec. 253, 256 (BIA 2002). The BIA denied El Harake's motion to remand because the DHS

opposed the motion and because of "the absence of an approved visa." AR 147. Because El Harake

did not satisfy the test from *In re Velarde-Pacheco*,[18] the BIA did not abuse its discretion by denying

his motion to remand. *Bhiski v. Ashcroft*, 373 F.3d 363, 371-72 (3d Cir. 2004); *see also Badr v.*

*Ashcroft*, No. 01-71326, 56 Fed. Appx. 786, 788 (9th Cir. 2003) (holding that the BIA did not abuse

---

[17]The BIA's test for determining whether to grant a motion to reopen in *In re Velarde-Pacheco* was premised on a desire to provide aliens "who are otherwise prima facie eligible for adjustment [with] the opportunity to have their adjustment applications reviewed by an Immigration Judge." 23 I&N Dec. at 255. Previously, in *In re Arthur*, the BIA had held that its policy of regularly granting motions to reopen whenever there was an unadjudicated visa petition pending conflicted with the Immigration Marriage Fraud Amendments of 1986, Pub. L. No. 99-639, 100 Stat. 3537, and the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, which created a presumption that marriages entered into after the government initiates deportation proceedings are fraudulent. *In re Arthur*, 20 I&N Dec. at 477-79. In *In re Velarde-Pacheco*, the BIA simply softened the rule adopted in *In re Arthur*—that IJs should deny motions to reopen based on unadjudicated visa petitions—because the BIA recognized that I-130 visa petitions are not adjudicated quickly enough to permit the granting of a motion to reopen only after the INS has approved an I-130 visa petition. *In re Velarde-Pacheco*, 23 I&N Dec. at 255.

[18]Here, the Government opposed El Harake's motion to remand on non-*In re Arthur* grounds. For example, the Government opposed the motion because El Harake "has failed to submit any evidence that is newly discovered or previously unavailable." AR 150. The Government's opposition was consistent with DHS regulations. 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material *and was not available and could not have been discovered or presented at the former hearing*." (emphasis added)).

its discretion where the alien "failed to submit evidence that his visa was immediately available" and the requirements of *In re Velarde-Pacheco* were not met); *cf. Desoguste v. U.S. Att'y Gen.*, No. 04-15973, 135 Fed. Appx. 247, 249-50 (11th Cir. 2005) (holding that the BIA did not abuse its discretion when it denied a motion to reopen because evidence submitted with the motion to reopen could have been presented to the IJ).

**Conclusion**

For the foregoing reasons, we DENY the petition for review.