NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0340n.06

No. 10-3528

## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MAYSSAM J. KADDOURA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW FROM |
| | ) | AN ORDER OF THE BOARD |
| ERIC H. HOLDER, JR., Attorney General | ) | OF IMMIGRATION APPEALS |
| | ) | |
| Respondent. | ) | |

**FILED**

***Mar 28, 2012***

LEONARD GREEN, Clerk

**Before:** **KEITH, GRIFFIN, and STRANCH, Circuit Judges.**

**PER CURIAM.**

Petitioner Mayssam J. Kaddoura ("Kaddoura") seeks review of a decision of the Board of Immigration Appeals ("the Board") dismissing his appeal of an Immigration Judge's order denying a continuance of his immigration proceedings. For the reasons that follow, we DENY Kaddoura's petition for review.

## BACKGROUND

Kaddoura, a native and citizen of the United Arab Emirates, was admitted to the United States in August 2001 as a non-immigrant student. In 2005, he married Tiffany Moore ("Moore"), a United States citizen. In July of that year, Moore filed a marriage-based visa petition on Kaddoura's behalf (known as an "I-130"), and Kaddoura filed an application for adjustment of status. Approximately one year later, Moore and Kaddoura interviewed with the United States Citizenship and Immigration Service ("CIS") regarding the merits of the visa petition. At the

interview, Moore withdrew the petition. As a result, Kaddoura's application for adjustment of status was denied.

On October 10, 2006, the Department of Homeland Security ("DHS") charged Kaddoura with being removable from the United States under Title 8 of the United States Code, Section 1227(a)(1)(B), which permits the removal of an alien who remains in the United States beyond the time permitted by his or her non-immigrant visa. About five months later, Moore filed a second marriage-based visa petition on Kaddoura's behalf. Several proceedings before the Immigration Judge and the Board followed.

On April 9, 2007, Kaddoura appeared before the Immigration Judge and conceded his removability from the United States. Kaddoura requested a continuance on the grounds that he was now the beneficiary of a pending visa petition—viz., the second marriage-based petition filed by Moore after DHS charged Kaddoura with remaining in the United States longer than his visa permitted. The Immigration Judge allowed the continuance.

During the continuance, Kaddoura requested an additional 90-day continuance to allow DHS to adjudicate the new I-130. The Immigration Judge allowed the continuance over DHS's objection.

Subsequently, Kaddoura requested an additional 30-day continuance on the grounds that he hoped soon to be scheduled for an interview on the I-130. DHS lodged no objection, and the Immigration Judge re-scheduled the hearing on Kaddoura's removability for December 3, 2007.

At the December 3, 2007, hearing, Kaddoura informed the Immigration Judge that his I-130 interview took place in October, that DHS denied his second petition on November 13, 2007, and that he had appealed that decision. Kaddoura then requested a fourth continuance pending resolution

2

of the appeal. DHS opposed Kaddoura's request, and the Immigration Judge denied it. Kaddoura then requested any continuance that the Immigration Judge would grant. DHS objected, arguing that Kaddoura had not demonstrated that his marriage was bona fide so that a continuance was warranted. DHS counsel referenced (i) a CIS decision denying Kaddoura's visa petition that discussed numerous discrepancies between Kaddoura's and Moore's testimony, which tended to suggest that the appeal would be denied, and (ii) Moore's withdrawal of the first petition. After offering him the option of voluntary departure from the United States, the Immigration Judge ordered Kaddoura removed to the United Arab Emirates in a summary order. Kaddoura timely appealed to the Board.

On April 13, 2009, the Board remanded Kaddoura's case to the Immigration Judge for preparation of a written decision. The Board observed that, given the Immigration Judge's summary order, which was unaccompanied by a written decision, the Board could not fairly weigh the arguments presented on appeal.

Pursuant to the Board's order, on June 10, 2009, the Immigration Judge issued a written decision explaining his denial of Kaddoura's request for a fourth continuance. The decision noted that the court had previously granted Kaddoura three continuances, and it referenced the CIS letter that DHS mentioned at the December 3, 2007, hearing. It also noted that Kaddoura had not articulated any basis other than the I-130 on which he would be entitled to relief.

The case returned to the Board. Kaddoura argued that the Immigration Judge did not apply the appropriate standard in denying his continuance, improperly ignored the fact that the second visa petition was pending, and ignored evidence supporting the petition's viability. DHS countered that Kaddoura was not the beneficiary of an approved visa petition, and, in fact, CIS had issued a Notice

3

of Intent to Deny ("NOID") Kaddoura's second petition. According to DHS, the NOID highlighted the discrepancies between Kaddoura's and Moore's testimony, suggesting that the marriage was not bona fide. Because the NOID was issued on August 19, 2009—after the Immigration Judge's initial summary order and after his opinion written on remand from the Board—the Immigration Judge neither saw nor knew about the NOID.

On March 30, 2010, the Board dismissed Kaddoura's appeal. The Board cited three factors supporting its decision: (i) Moore's withdrawal of her first petition; (ii) the NOID; and (iii) the multiple continuances the Immigration Judge previously granted Kaddoura. One day later, on March 31, 2010, CIS denied Kaddoura's second visa petition.

Kaddoura timely appealed the Board's decision affirming the Immigration Judge's decision to deny the continuance. He now argues that the Board abused its discretion and, in so doing, violated his due process rights.

**STANDARD OF REVIEW**

We review an agency's denial of an alien's request for a continuance for an abuse of discretion. *Ukpabi v. Mukasey*, 525 F.3d 403, 407 (6th Cir. 2008). An abuse of discretion exists only if "the denial . . . was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination." *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1047 (6th Cir. 2007). Where, as here, the Board affirmed the Immigration Judge's ruling but added its own comments, we review both the Immigration Judge's

4

decision and the Board's additional remarks. *Karimijanaki v. Holder*, 579 F.3d 710, 714 (6th Cir. 2009).

## **DISCUSSION**

Kaddoura raises two principal issues on appeal. First, he argues that the Board abused its discretion and violated his due process rights when it remanded his case to the Immigration Judge for preparation of a separate written decision. Second, he argues that the Board abused its discretion in dismissing his appeal of the decision denying his request for a fourth continuance. We address these issues in turn.

### **1. The Board's remand to the Immigration Judge**

On December 3, 2007, the Immigration Judge ordered Kaddoura removed to the United Arab Emirates in a summary order. Kaddoura timely appealed to the Board. The Board remanded Kaddoura's case to the Immigration Judge for preparation of a written decision, observing that the summary order prevented it from fairly weighing the arguments presented on appeal. Kaddoura now argues that the Board should have either remanded the case to the Immigration Judge for a new evidentiary hearing or reversed the Immigration Judge's decision. By remanding for a written decision, he argues, the Board merely "[asked] the Immigration Judge to come up with . . . *better* reasoning to justify his earlier decision." The Board, he says, was thus acting as an "advocate for the Immigration Judge by giving him a second chance to get . . . things right, but without offering [Kaddoura the] same opportunity." Finally, he asserts that by remanding, "the [Board] itself

5

admitted that the [Immigration Judge] did not engage in the required analysis before he denied the continuance." According to Kaddoura, this constitutes an abuse of discretion and a violation of due process rights.

We find Kaddoura's arguments unpersuasive. In *Matter of A- P-*, the Board remanded to the Immigration Judge for the preparation of a more detailed decision. 22 I. & N. Dec. 468 (BIA 1999). In that case, the Immigration Judge's written order stated, "Upon the basis of the respondent's admissions, I have determined that the respondent is subject to removal on the charge[s]." *Id.* at 469. The Board stated that, unless such a summary decision was appropriate, it would remand to the judge for a written decision.[1] *Id.* at 477. Furthermore, in *Matter of S- H-*, the Board observed that such remands are "tied to the deficiency of the decision and should not be read as indicating disagreement with the [Immigration Judge's] ultimate resolution" of the claim. 23 I. & N. Dec. 462, 463 (BIA 2002).

In this case, the Immigration Judge issued a written order, described only as a "summary of the oral decision entered on December 3, 2007," ordering Kaddoura's removal.[2] Because it found that the order precluded a fair weighing of the parties' arguments, the Board remanded for a separate

---

[1]A summary decision is appropriate where the party facing removal admits the factual allegations and the charges of removability, and the Immigration Judge is satisfied that no issues of law or fact remain. *Matter of A-P-*, 22 I. & N. at 479. In those instances, removabiliity has been determined on the pleadings. *Id.* (internal quotations omitted.)

[2]At the December 3, 2007, hearing, the Immigration Judge cited three reasons for his decision to order the removal: (i) his finding that Kaddoura was removable (based on the DHS Notice to Appear); (ii) Kaddoura's failure to articulate alternative grounds for relief; and (iii) Kaddoura's concession that his first I-130 had been withdrawn or denied, and that he was removable as a result of overstaying his visa.

and sufficient opinion. The Board's remand was in keeping with established practice as articulated in *Matter of A-P-*, 22 I. & N. Dec., and as the Board instructed in *Matter of S- H-*, 23 I. & N. Dec. at 463, the remand does not indicate substantive error in the Immigration Judge's decision. In light of these facts, we conclude that the Board's remand was not an abuse of discretion.

Kaddoura's due process claim is similarly unavailing. As we have previously observed, the failure to be granted a discretionary continuance does not amount to a deprivation of a liberty interest. *See Abu-Khaliel v. Gonzales*, 436 F.3d 627, 635 (6th Cir. 2006) (quoting *Huicochea-Gomez v. I.N.S.*, 237 F.3d 696, 700 (6th Cir. 2001)). Furthermore, we note that the Board's remand practices are designed to promote fundamental fairness by facilitating meaningful review. *Matter of A-P-*, 22 I. & N. Dec. at 477 ("[O]verlapping concerns of fundamental fairness and the efficient administration of the appellate process require" remand for a separate opinion.). Accordingly, we cannot say that the Board's remand for a written decision violated Kaddoura's due process rights.

## 2. The denial of the continuance

On June 10, 2009, pursuant to the Board's remand, the Immigration Judge issued a written order explaining his denial of Kaddoura's request for a fourth continuance. On March 30, 2010, the Board dismissed Kaddoura's appeal of that decision.

Kaddoura now makes five principal arguments in support of his claim that the Board and the Immigration Judge abused their discretion: (i) the Board's decision was based on evidence never before the Immigration Judge; (ii) the Immigration Judge improperly considered CIS's preliminary decision to deny the second I-130 petition; (iii) the Immigration Judge improperly considered

7

Moore's withdrawal of the first I-130 petition; (iv) the Immigration Judge's post-remand order did not accurately reflect the hearing; and (v) the Immigration Judge ignored important factors in the case, such as Kaddoura's lack of criminal history and evidence supporting the bona fides of his marriage. These arguments are unavailing.

As a preliminary matter, we note that an Immigration Judge, the Board, and this Court may consider a variety of factors when determining whether to grant or deny a discretionary continuance. In *Matter of Hashmi*, the Board identified five factors the agency should consider, instructing that the list was "illustrative, not exhaustive." 24 I. & N. Dec. 785, 790 (BIA 2009). The factors include: (i) DHS's response to the motion; (ii) the approvability of the underlying visa petition; (iii) the alien's statutory eligibility for adjustment of status; (iv) the merits of the alien's application for adjustment of status; and (v) the reason for the continuance and other procedural factors. *Id.* Additionally, the Sixth Circuit has approved denials of continuances based on consideration of: DHS's opposition to the continuance, *Ukpabi v. Mukasey*, 525 F.3d 403, 408 (6th Cir. 2008); the petitioner's failure to demonstrate that he was likely to succeed on the merits of a separate appeal, *Kwak v. Holder*, 607 F.3d 1140, 1144 (6th Cir. 2010); and the fact that the petitioner had already been granted two continuances, *Id*; *cf. Abu-Khaliel*, 436 F.3d at 634 (considering the "length of the prior continuances" and holding that the Immigration Judge's denial of a continuance was not an abuse of discretion).

In this case, the Immigration Judge provided the following bases for his post-remand written decision denying Kaddoura's request for a fourth continuance: (i) Kaddoura's second I-130 petition was denied on the merits (and was then pending on appeal); (ii) Moore withdrew the first petition;

and (iii) Kaddoura had offered the court no basis other than the I-130 on which he could be granted relief. In reviewing Kaddoura's appeal, the Board provided the following reasons for its affirmance of the denial: (i) the multiple continuances previously granted to Kaddoura; (ii) Moore's withdrawal of the first petition; and (iii) the NOID, i.e., a preliminary decision by CIS to deny the second visa petition. Despite the fact that we and the agency may consider prior withdrawals, *Ukpabi*, 525 F.3d at 405, and the existence of a NOID, *id.* at 408, in determining whether a continuance is warranted, Kaddoura now argues that the agency should not have considered those factors for reasons specific to this case. We reject his arguments below, but note here that, even absent those two factors, the agency still cited Kaddoura's failure to articulate any other basis for relief and the three prior continuances. Our decisions in *Ukpabi*, *Abu-Khaliel*, and *Kwak* demonstrate the relatively low bar the Immigration Judge and Board must surpass on an abuse of discretion review. In light of the many factors the agency (and this Court) may consider, and how those factors correspond to what the agency actually considered in this case, the record simply does not show that "the denial . . . was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination." *Ilic-Lee*, 507 F.3d at 1047.

We also note that even if this Court were to remand with instructions to disregard the NOID and the withdrawal, there is yet another factor that the agency could rely on, though, for whatever reason, it did not: DHS's opposition to the continuance. *See Ukpabi*, 525 F.3d at 408. As a result, even if, as Kaddoura wishes, we were to forbid the consideration of the NOID and the withdrawal, the record still provides three reasons which, at least in combination, are sufficient to affirm the agency's decision. *See Ukpabi*, 525 F.3d at 408 (affirming in part because DHS opposed the

9

continuance); *Abu-Khaliel*, 436 F.3d at 630 (affirming in part because of the length of the prior continuances); *Kwak*, 607 F.3d at 1144-45 (affirming in part because the petitioner failed to demonstrate that he was likely to succeed on the merits of a separate appeal and had already been granted two continuances). The foregoing factors all but resolve this case. Nevertheless, we will address Kaddoura's specific arguments in order to provide him with an individualized analysis of his claims.

Kaddoura's first argument is that the Board should not have considered the NOID because the Immigration Judge never saw or knew of its existence. The Board relied on the NOID in affirming the Immigration Judge's denial, and Kaddoura asserts that reviewing that new evidence on appeal was an abuse of discretion.

Kaddoura has some cause for complaint. When reviewing an Immigration Judge's determination, the Board is entitled to add its own comments. *See Karimijanaki*, 579 F.3d at 714. It may also consider the existence of a NOID when determining whether to grant a continuance. *See Ukpabi*, 525 F.3d at 408. However, "[t]he Board is an appellate body whose function is to review, not to create, a record." *Matter of A- P-*, 22 I. & N. Dec. at 476 (quoting *Matter of Fedorenko*, 19 I. & N. Dec. 57, 74 (BIA 1984)). Indeed, the Board's Practice Manual provides that "the Board does not consider new evidence on appeal." Board of Immigration Appeals Practice Manual, § 4.8.

Here, because the Board reviewed new evidence on appeal, it failed to comply with agency policy. However, this does not constitute an abuse of discretion. An abuse of discretion exists only if, in relevant part, "the *denial* . . . inexplicably departed from established policies." *Ilic-Lee*, 507 F.3d at 1047 (emphasis added). As discussed above, the denial itself comports with agency policy

and Sixth Circuit case law. That the *Board* appears inexplicably to have departed from established agency policies is impertinent—that departure was not an abuse of discretion.

Kaddoura's second argument concerns the events that transpired at the December 3, 2007, hearing, where DHS counsel referenced a 4-page CIS letter denying Kaddoura's visa petition that discussed numerous discrepancies between Kaddoura's and Moore's testimony. Based in part on that information, the Immigration Judge concluded that the denial was on the merits. Kaddoura now argues that this was an abuse of discretion because the Immigration Judge never saw the letter; rather, he relied on DHS's word. But an abuse of discretion exists only if, in relevant part, "the denial . . . was made without a rational explanation." *Ilic-Lee v*, 507 F.3d at 1047. We see no reason to conclude that the Immigration Judge's reliance was irrational. And, as discussed, even without the letter, the agency still relied on evidence that this Court has previously approved.

Third, Kaddoura argues that the Immigration Judge and the Board abused their discretion when they cited Moore's withdrawal of the I-130 she filed on Kaddoura's behalf in July of 2005. Kaddoura says that such considerations are improper, but he ignores the fact that we have previously considered the withdrawal of an I-130 in determining that a continuance was properly denied. In *Ukpabi*, the petitioner's third marriage and third I-130 were at issue, and this Court observed that the petitioner's second wife withdrew her petition. *Ukpabi*, 525 F.3d at 405. The Court later referred to the government's "concerns" about Ukpabi's prior marriages. *Id.* at 406. Finally, it opined that Ukpabi's third marriage was reasonably deemed, "at best, suspect." *Id.* at 408. All things considered, we think it is clear that consideration of the withdrawn I-130 was not an abuse of discretion.

11

Fourth, Kaddoura asserts that the Immigration Judge's post-remand decision improperly referenced the following things not explicitly discussed at the hearing: (i) the judge's determination that the CIS denial was on the merits; and (ii) the judge's conclusion that "there is no reason to believe that the denial will be vacated on appeal" when the parties did not discuss the appeal's merits at the hearing. However, the burden to show a separate appeal's likelihood of success falls on the petitioner. *See Kwak*, 607 F.3d at 1144-45 (affirming in part due to the petitioner's failure to proffer evidence of his likely success on the pending application).

Fifth, Kaddoura asserts that the Immigration Judge rendered its decision without due consideration of important factors, such as Kaddoura's lack of criminal history and the evidence tending to suggest that his marriage was bona fide. As we have already discussed, the Immigration Judge, the Board, and this Court consider a variety of factors when determining whether a discretionary continuance is properly granted or denied. The Immigration Judge was not obligated to treat Kaddoura's lack of criminal history or the evidence he proffered in support of his marriage as dispositive or even persuasive, and his failure to do so was not an abuse of discretion.

Finally, while they are not necessary to the resolution of this case, we briefly address three peripheral arguments Kaddoura raises without citation to case law. These arguments quickly prove unavailing. First, Kaddoura argues that the Immigration Judge denied the continuance because he was unduly concerned with expediency. However, the granting of two continuances in the past demonstrates that an Immigration Judge is "not focused myopically on expediency to the detriment of fairness." *Gjeluci v. Mukasey*, 303 F. App'x. 274, 277 (6th Cir. 2008). Here, where the Immigration Judge granted Kaddoura three prior continuances, his argument is meritless.

12

Second, Kaddoura asserts that one of the agency's scheduling decisions constituted a "violation of the established practice of the immigration court and a violation of . . . due process." However, as we have said, the failure to be granted discretionary relief does not amount to a deprivation of a liberty interest. *Abu-Khaliel*, 436 F.3d at 635. And because an abuse of discretion exists only if, in relevant part, "the *denial* . . . inexplicably departed from established policies," the agency's departure from its typical scheduling practice will not suffice. *Ilic-Lee*, 507 F.3d at 1047 (emphasis added).

Third, Kaddoura argues that the Board ignored a misrepresentation made before the Immigration Judge. At the hearing, DHS represented that it had forwarded a document to the Board, when, in fact, it had not yet done so. Kaddoura asserts that this misrepresentation influenced the Immigration Judge's decision. However, the judge did not repeat the alleged misrepresentation in support of his decision. Thus, the record does not support Kaddoura's claim.

## CONCLUSION

For the foregoing reasons, we conclude that the Board's remand to the Immigration Judge and the subsequent decisions denying Kaddoura's request for a continuance constituted neither an abuse of discretion nor a violation of Kaddoura's due process rights. We therefore DENY Kaddoura's petition for review.