NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0691n.06

Nos. 12-3652, 12-4209

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jul 29, 2013*
DEBORAH S. HUNT, Clerk

HAIKEL ABDELAZIZ MOUSSA,       )
                               )
       **Petitioner,**          )       ON PETITION FOR REVIEW
                               )       OF A FINAL ORDER OF THE
v.                             )       BOARD OF IMMIGRATION
                               )       APPEALS
ERIC H. HOLDER, JR., Attorney  )
General,                       )
                               )       **O P I N I O N**
       **Respondent.**          )
_____)

Before:  **MOORE, KETHLEDGE, and STRANCH, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.**  Haikel Moussa ("Moussa") petitions from an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his motion for a continuance of the removal proceedings against him and from an order of the BIA denying his motion to reconsider the denial.  Specifically, Moussa argues that the BIA abused its discretion and violated his procedural due process rights when it affirmed the denial of a continuance.  Moussa sought a continuance in order to give him time to challenge the Department of Homeland Security's ("DHS") determination in a collateral proceeding that Moussa had entered previously into a sham marriage.  For the reasons that follow, we **DENY** Moussa's petitions for review.

Nos. 12-3652, 12-4209
*Moussa v. Holder*

On August 11, 2000, Moussa entered the United States as a nonimmigrant visitor for pleasure from Tunisia, where he is a native and citizen. A.R.1 at 104.[1] Moussa stayed in the United States past the expiration of his visa, and on April 19, 2001, he married American citizen Tameka Island ("Island"). *Id.* at 15–16. Island filed an I-130 petition on his behalf, which the Immigration and Naturalization Service ("INS") denied based on a finding that Island and Moussa had entered into a sham marriage. *Id.* On May 5, 2003, Moussa and Island divorced, and on May 19, 2003, Moussa married Jennifer Moussa ("Jennifer"). *Id.* at 95. Later that year, Jennifer submitted an I-130 petition on Moussa's behalf, which remained pending until May 7, 2010, when DHS denied the petition under §§ 204(c) and 212(a)(6)(C) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. §§ 1154(c) and 1182(a)(6)(C), and 8 C.F.R. § 204.2(a)(1)(ii). A.R.1 at 94. These provisions impose a bar on individuals who have been found previously to have entered into or attempted to enter into a marriage "for the purpose of evading the immigration laws of the United States." *Id.* DHS determined that Moussa fit into this category based on INS's previous determination that his marriage to Island was fraudulent. *Id.* at 94–95. DHS did not challenge the validity of Moussa's current marriage to Jennifer. *Id.* at 97.

Prior to denying the petition, United States Citizen and Immigration Services ("USCIS") conducted interviews with Moussa and Jennifer and sent Jennifer two Notices of Intent to Deny the petition. *Id.* at 95. Although Jennifer responded to the first Notice of Intent to Deny in 2005, she

---

[1]Citations to appeal No. 12-3652 are denoted as "A.R.1" and citations to appeal No. 12-4209 as "A.R.2."

2

did not provide any evidence in response to the second Notice of Intent to Deny sent on March 30, 2010. This failure was noted as a reason for the eventual denial of Jennifer's I-130 petition. *Id.* at 94. There is no evidence in the record that Jennifer has pursued an appeal of this denial. On June 9, 2010, DHS commenced removal proceedings against Moussa on the basis that he remained without authorization in the United States past the expiration of his August 11, 2000 nonimmigrant visa in violation of INA § 237(a)(1)(B), codified at 8 U.S.C. § 1227(a)(1)(B). A.R.1 at 104. A hearing was held before the IJ on August 18, 2010, at which Moussa conceded removability. *Id.* at 15.

During the hearing, Moussa moved for a continuance of the removal proceedings on the basis that Jennifer intended to file an appeal of the denial of the I-130 petition. *Id.* The IJ denied this request, explaining that "[t]he underlying visa petition . . . is not approvable, nor is it likely to be available in the near future. The respondent has presented no other factors on the issue of discretion, other than the presumptive one that the application was filed by his U.S. citizen wife." *Id.* at 17. The IJ determined that this evidence was insufficient to merit a continuance, especially "in light of the lack of an approvable immigrant visa based upon a permanent bar under the statute." *Id.* at 17–18.

Moussa appealed this decision to the BIA, which affirmed the IJ's determination. The BIA explained that Moussa's "speculative future eligibility for adjustment of status failed to establish good cause for a continuance of his removal proceedings." *Id.* at 3. The BIA emphasized that "no additional evidence has been submitted to overcome the DHS's finding on the initial I-130 petition

3

that the respondent had entered into a marriage with his former spouse for the sole purpose of evading the immigration laws." *Id.* at 4. The BIA also denied his procedural due process challenge. *Id.* Moussa filed a motion to reconsider with the BIA, which it denied. A.R.2 at 3–4. Moussa petitions this court from both the initial BIA order affirming the decision of the IJ and the BIA's order denying reconsideration, arguing that the IJ abused its discretion and violated his due process rights, and that the BIA erred in affirming the IJ's decision.

"An IJ may grant a motion for continuance for good cause shown." *Young Hee Kwak v. Holder*, 607 F.3d 1140, 1144 (6th Cir. 2010) (internal quotation marks omitted). "We review the BIA's affirmance of the IJ's denial of [Moussa's] motion for continuance under an abuse of discretion standard." *Ukpabi v. Mukasey*, 525 F.3d 403, 407 (6th Cir. 2008). "An abuse of discretion occurs if the denial was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination." *Id.* (internal quotation marks and alteration omitted). "Because the BIA did not summarily affirm or adopt the IJ's reasoning and provided an explanation for its decision, we review the BIA's decision as the final agency determination." *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1047 (6th Cir. 2007).

Moussa argues that good cause existed for a continuance because of his need to gather documentation to dispute DHS's determination that Moussa had entered previously into a sham marriage. Specifically, Moussa "requested a continuance in order to (i) obtain from [DHS] documentary evidence of the allegations of marriage fraud, allegedly contained in his file, (ii) rebut

4

the allegations of marriage fraud and file a brief in support of [Jennifer's] EOIR-26, and (iii) allow sufficient time for the Board to adjudicate [Jennifer's] EOIR-26." Appellant's Br.1 at 2.

Given the posture of the I-130 petition and the lack of evidence in support of his continuance motion, however, these arguments are foreclosed by binding precedent. As an initial matter, Moussa did not provide the BIA any support for his contention that Jennifer's appeal would be successful. As we explained in *Young Hee Kwak*, "we have declined to find an abuse of discretion when the petitioner did not provide any evidence that suggested a likelihood of success on the merits of the pending petition, and the IJ had little reason to believe petitioner would not be able to obtain an adjustment of status." 607 F.3d at 1144 (internal quotation marks and alterations omitted). Here, Moussa has provided no evidence in support of his contention that his marriage to Island was not fraudulent, relying instead on unfounded assertions in his briefs. Additionally, his argument that he could not produce any affirmative evidence that his marriage was legitimate until he has access to the documentation in his file is unpersuasive. *See, e.g.*, *El Harake v. Gonzales*, 210 F. App'x 482, 490 (6th Cir. 2006) ("The IJ's denial of the motion for continuance because El Harake presented no evidence to show that the I-130 petition would be successful was not irrational.").

Moreover, as explained above, Moussa and Jennifer have each had numerous opportunities to adjudicate before DHS their position that Moussa's first marriage was legitimate. For example, DHS not only conducted multiple interviews and sent two Notices of Intent to Deny with respect to Jennifer's I-130, but also engaged in a similar procedure prior to concluding that Island's I-130 was based on a sham marriage. This case thus falls squarely within our precedent explaining that an IJ

does not abuse her discretion by denying a continuance to pursue an appeal of an underlying petition when USCIS, after giving the petitioner an opportunity to adjudicate his underlying petition, entered a final determination on the petition. *Young Hee Kwak*, 607 F.3d at 1144–45.

Finally, insofar as Moussa argues that his due process rights were violated by the IJ's denial of his requested continuance, "we have previously rejected [this argument], holding failure to obtain discretionary relief does not amount to a deprivation of a liberty interest protected by the Constitution." *Ukpabi*, 525 F.3d at 408 (internal quotation marks omitted). To the extent that Moussa argues DHS violated his due process rights by failing to produce documentation during the adjudication of Jennifer's I-130 petition, a collateral proceeding, he has produced no evidence of likely success. Likewise, Moussa's lengthy argument that he and Island were never legally married lacked any support in the record at this point in the proceeding.

For all of the reasons stated above, we cannot conclude that the BIA abused its discretion in affirming the IJ's determination that Moussa failed to show good cause. *See Young Hee Kwak*, 607 F.3d at 1144 ("Finding good cause is crucial since a continuance, in effect, allows an alien to remain in the United States for a period of time without any defined legal immigration status. An unreasonable continuance would thwart the operation of the statutes providing for removal of inadmissible and deportable aliens.") (internal quotation marks and alterations omitted).

Moussa also seeks review of the BIA's denial of his motion to reconsider, a decision that we review for abuse of discretion. *Sswajje v. Ashcroft*, 350 F.3d 528, 532 (6th Cir. 2003). "A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior

Board decision and shall be supported by pertinent authority." *Yeremin v. Holder*, 707 F.3d 616, 626 (6th Cir. 2013) (internal quotation marks omitted). In his motion to reconsider, Moussa argued that the BIA made a legal error when it failed to acknowledge that his marriage to Island was a legal impossibility. In support of this argument, Moussa presented the 2005 Notice of Intent to Deny that USCIS sent to Jennifer, which noted that although "Island claimed to be married to Mr. Moussa and filed a petition for him, at the same time, she claimed to be married to another Tunisian and filed a petition on his behalf." A.R.2 at 21. It appears that Moussa did not present this document to the BIA in his initial appeal, nor did he previously develop the legal-impossibility argument.

The BIA rejected Moussa's argument, explaining that although "Island was found to have been part of a marriage fraud ring in which she was purportedly married to multiple men (including the respondent) at the same time," the statute at issue also bars relief to individuals who "attempted or conspired" to enter into a fraudulent marriage. *Id.* at 3. The BIA also reiterated its earlier finding that Moussa produced no evidence that Jennifer pursued or was intending to pursue an appeal of this collateral proceeding "and did not demonstrate that he had evidence to overcome the factual basis recited by the DHS for the denial." *Id.*

On petition before this court, Moussa focuses on the legal-impossibility argument, contending that his first marriage cannot qualify as a bar to Jennifer's I-130 petition because it was a legal impossibility. Petitioner Br.2 at 10. However, even assuming that this were correct, Moussa's petition to this court still fails, as he has not established a likelihood of success on the merits of Jennifer's I-130 petition. *Young Hee Kwak*, 607 F.3d at 1144. Without any evidence that

7

Jennifer has pursued or is intending to pursue an appeal of DHS's denial of the I-130 petition, we cannot conclude that the BIA abused its discretion in determining that her petition is not likely to succeed and that a continuance is therefore unwarranted. Moreover, insofar as Moussa repeated arguments that he raised in his initial appeal before the BIA without any additional legal or factual authority, "[t]he BIA did not abuse its discretion in rejecting these arguments because the BIA had already been presented with and had rejected the same arguments." *Yeremin*, 707 F.3d at 626.

For the reasons stated above, we **DENY** Moussa's petitions for review.