NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0863n.06

No. 12-4556

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 03, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LESIA KOZLOVSKAIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |

BEFORE:  BATCHELDER, Chief Judge; GUY and MOORE, Circuit Judges.

PER CURIAM.  Lesia Kozlovskaia petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) denial of her motion to continue her removal proceedings pending other litigation.

Kozlovskaia is a native of the former Soviet Union and a citizen of Ukraine.  She entered the United States in February 1996.  In 2002, removal proceedings were instituted against her.  In 2003, Kozlovskaia married, and her husband filed an Immediate Relative I-130 Petition on her behalf. Beginning in December 2003, the IJ continued Kozlovskaia's removal proceedings on numerous occasions pending the resolution of the I-130 petition.  In July 2007, the United States Citizenship and Immigration Services (USCIS) denied the I-130 petition.

In April 2008, Kozlovskaia's husband filed a second I-130 petition on her behalf.  The IJ continued the removal proceedings on numerous occasions pending resolution of the petition.  In October 2010, the USCIS denied the petition.  Kozlovskaia appealed that decision, and she sought a further continuance of her removal proceedings.  The IJ denied Kozlovskaia's motion for a

continuance and ordered her removed from the United States. The BIA affirmed the IJ's decision. In July 2013, the BIA remanded to the USCIS for further consideration of Kozlovskaia's second I-130 petition.

On appeal, Kozlovskaia argues that the IJ erred by refusing to continue her removal proceedings until her appeal of the denial of her second I-130 petition was concluded because the appeal was likely to succeed. Kozlovskaia also argues that the BIA erred by affirming the IJ's denial of a continuance. Because the BIA did not summarily affirm or adopt the IJ's reasoning and provided an explanation for its decision, we review the BIA's decision as the final agency determination. *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1047 (6th Cir. 2007).

We review the BIA's affirmance of the IJ's denial of the motion for a continuance for an abuse of discretion. *Ukpabi v. Mukasey*, 525 F.3d 403, 407 (6th Cir. 2008). An abuse of discretion occurs if the denial was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination. *Id.* An IJ may grant a continuance upon a showing of good cause. 8 C.F.R. § 1003.29.

In affirming the IJ's denial of a continuance, the BIA reasonably relied on the fact that the government opposed Kozlovskaia's request for a continuance and the fact that the IJ had granted numerous continuances over the course of nearly seven years. *See Young Hee Kwak v. Holder*, 607 F.3d 1140, 1145 (6th Cir. 2010). Further, the USCIS had denied both of Kozlovskaia's I-130 petitions, and she did not demonstrate that she was likely to prevail in her appeal of the denial of the second petition. *See Young Hee Kwak*, 607 F.3d at 1144; *Ukpabi*, 525 F.3d at 408. Under the circumstances, the BIA did not abuse its discretion by affirming the IJ's denial of Kozlovskaia's request to continue her removal proceedings.

Accordingly, we deny the petition for review.