**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0975n.06

No. 13-3512

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Nov 13, 2013

DEBORAH S. HUNT, Clerk

|                                         |     |                          |
| --------------------------------------- | --- | ------------------------ |
| SAMER HADDAD,                           | )   |                          |
|                                         | )   |                          |
|     Petitioner,     | )   |                          |
|                                         | )   | ON PETITION FOR REVIEW   |
| v.                                      | )   | FROM THE UNITED STATES   |
|                                         | )   | BOARD OF IMMIGRATION     |
| ERIC H. HOLDER, JR., Attorney General,  | )   | APPEALS                  |
|                                         | )   |                          |
|     Respondent.     | )   |                          |
|                                         | )   |                          |

BEFORE: BATCHELDER, Chief Judge; GRIFFIN, Circuit Judge; and BELL, District Judge.[*]

PER CURIAM. Samer Haddad, a native of Israel, petitions through counsel for review of an order of the Board of Immigration Appeals dismissing his appeal from an immigration judge's decision denying his motion for a continuance in his removal proceedings.

Haddad entered this country in 2006 and overstayed his visa. In 2010, he married an American citizen, who petitioned to adjust Haddad's status. Meanwhile, Haddad was placed in removal proceedings. His hearing was continued three times. At his fourth hearing, Haddad indicated that he did not intend to apply for asylum or any other relief, but asked for another continuance. His wife's petition to adjust his status had recently been denied on the ground that she and Haddad had failed to prove a valid relationship, giving inconsistent answers in their interviews.

---

[*]The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

Haddad had also given inconsistent reports of whether he had been married in Israel. Haddad represented that his wife would be filing another petition to adjust his status. The immigration judge denied the motion for a continuance, stating that Haddad had not shown any reason to believe his wife's second petition to adjust his status would be successful. Haddad appealed to the Board of Immigration Appeals, which found that the continuance had been properly denied because the government opposed it, there was no petition to adjust status pending at the time of the motion, and Haddad had not shown a likelihood of success on any future petition based on the same marriage. Haddad's appeal was therefore dismissed. Haddad argues before this court that his motion for a continuance should have been granted.

We review the denial of a motion for a continuance for an abuse of discretion, which will be found if the denial is without rational explanation, departs from established policies, or is based on discrimination. *Badwan v. Gonzales*, 494 F.3d 566, 568 (6th Cir. 2007). This case is similar to *Young Hee Kwak v. Holder*, 607 F.3d 1140, 1144 (6th Cir. 2010), where the petitioner had received previous continuances, the government opposed the motion, and the petitioner failed to demonstrate that his pending application was likely to be successful. We found no abuse of discretion in the denial of the motion in that case, and in the instant case Haddad has the additional problem that he did not have a petition to adjust status pending at the time he moved for a continuance. In another similar case, *Morgan v. Gonzales*, 445 F.3d 549, 552 (2d Cir. 2006), it was held that a petitioner has no right to delay his removal proceedings in order to file a second petition to adjust status. Accordingly, we find that the denial of a continuance in this case was based on a rational

explanation, followed established policy, and was not discriminatory.  The petition for review is

therefore denied.