**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0651n.06

No. 14-3243

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Sep 24, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| QING TIAN, | ) | |
| | ) | |
| **Petitioner,** | ) | ON PETITION FOR REVIEW |
| | ) | OF A FINAL ORDER OF THE |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| LORETTA E. LYNCH, United States Attorney | ) | |
| General, | ) | |
| | ) | **OPINION** |
| **Respondent.** | ) | |
| | ) | |

Before: BATCHELDER, MOORE, and ROGERS, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Qing Tian petitions this court for review of a decision by the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of a motion for continuance and a motion to terminate removal proceedings. Tian also asks this court to review the IJ's denial of two additional motions. Tian did not appeal the IJ's denial of those motions to the BIA, however, and thus they are not properly before this court. Because the BIA's resolution of the motion for continuance and the motion to terminate removal proceedings was within its discretion and the confines of controlling authority, we **DENY** Tian's petition for review.

**I. BACKGROUND**

Tian, a native and citizen of China, first came to the United States on October 28, 2005. Petitioner Br. at 8. Less than three weeks later, she married Johnnie Smith, a United States

citizen. Administrative Record (A.R.) at 187 (Interview of Johnnie Smith at 10). Shortly after their wedding, Tian flew back to China, where she stayed for nearly seven months. *Id.* at 198 (Interview of Qing Tian at 56).

Tian returned to the United States on May 21, 2006. *Id.* at 529 (Record of Deportable Alien at 1). On July 9, 2006, Smith filed an I-130 petition on Tian's behalf so that she could stay in the country. *Id.* at 530 (Record of Deportable Alien at 2). The United States Citizenship and Immigration Services (USCIS) interviewed Smith and Tian on May 24, 2007. *Id.* at 249 (Denial of July 9, 2006 I-130 Petition at 2); *see also id.* at 184–95, 200–21 (Interview of Johnnie Smith); *id.* at 195–200 (Interview of Qing Tian). At the close of the interview, Smith submitted an affidavit admitting that he and Tian did not live together and that he married her to help her stay in the country. *Id.* at 244–45 (Affidavit). Smith and Tian filed for divorce two months later, on July 25, 2007. *Id.* at 357 (July 30, 2007 Decree of Dissolution at 1). The USCIS denied Smith's I-130 petition on November 30, 2007, citing marriage fraud in violation of § 204(c) of the Immigration and Nationality Act (INA). *Id.* at 248–50 (Denial of July 9, 2006 I-130 Petition). The denial letter stated that Smith could appeal the decision to the BIA. *Id.* at 248 (Denial of July 9, 2006 I-130 Petition at 1). He did not. The Department of Homeland Security (DHS) initiated removal proceedings against Tian, charging her with overstaying her visa. *Id.* at 531–32 (Nov. 19, 2007 Notice to Appear).

Two months after DHS instituted removal proceedings, Tian married David Swartz, another United States citizen. *Id.* at 267 (Certified Abstract of Marriage). Swartz filed an I-130

petition on Tian's behalf on October 23, 2008. *Id.* at 352–53 (Oct. 23, 2008 I-130 Petition). On

April 29, 2010, USCIS denied the petition under § 204(c) of the INA based on the prior finding

of marriage fraud. *Id.* at 242–43 (Denial of Oct. 23, 2008 I-130 Petition). The denial letter

explained that although it appeared that Swartz's marriage to Tian was valid, the previous

finding of fraud precluded approval. *Id.* at 243 (Denial of Oct. 23, 2008 I-130 Petition at 2).

Swartz, like Smith, did not appeal the decision.

Swartz filed a second I-130 petition on August 25, 2011. *Id.* at 259–60 (Aug. 25, 2011 I-

130 Petition). As the IJ would later note, this petition was "substantively similar" to Swartz's

first petition. *Id.* at 180 (Feb. 21, 2012 IJ Order at 3). While the USCIS considered the petition,

Tian filed a series of motions to delay removal proceedings. On February 1, 2012, the IJ denied

Tian's motion for a definitive statement. *Id.* at 240–41 (Feb. 1, 2012 IJ Order). Tian did not

appeal the order. On February 21, 2012, the IJ denied Tian's motion to administratively close

proceedings and her motion for continuance. *Id.* at 178–83 (Feb. 21, 2012 IJ Order). The

opinion stated that Tian had thirty days to appeal the decision to the BIA. *Id.* at 182 (Feb. 21,

2012 IJ Order at 5). She did not. Instead, she filed a motion to reconsider only for the denial of

her motion for continuance. A.R. at 171–74 (Mot. to Reconsider Denial of Continuance).

In a July 10, 2012 opinion, the IJ denied the motion to reconsider as well as a separate

motion to terminate removal proceedings. *Id.* at 53–57 (July 10, 2012 IJ Order). On July 20,

2012, Tian appealed the IJ's decision. *Id*. at 45–48 (Notice of Appeal). The BIA dismissed the

appeal. *Id.* at 3–4 (BIA Op.). Tian filed a timely petition for review in this court.

In her petition for review, Tian argues that the BIA erred in affirming the IJ's denial of her motion for continuance and her motion to terminate removal proceedings. Petitioner Br. at 16–20, 22–25. She also argues that the BIA erred by not addressing the IJ's denial of her motion to administratively close proceedings and her motion for a definitive statement. *Id.* at 20–22, 25–26. Tian did not appeal the IJ's February 1, 2012 decision or his February 21, 2012 decision, however, so her motion for a definitive statement and her motion to administratively close proceedings were never before the BIA. Because we have jurisdiction only over claims "properly presented to the BIA and considered on their merits," we cannot review the IJ's denial of these two motions. *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004). Thus, we are limited to consideration of Tian's motion for continuance and her motion to terminate removal proceedings.

## II. ANALYSIS

### A. Motion for Continuance

#### 1. Adjustment of Status

Upon a finding of removability, an immigrant can apply for discretionary relief, which includes adjustment of status. *Foul v. Mukasey*, 256 F. App'x 785, 788 (6th Cir. 2007). Family-based adjustment of status is a two-step process. *Matter of Hashmi*, 24 I. & N. Dec. 785, 789 (BIA 2009). First, a United States citizen or permanent resident files an I-130 petition with the USCIS on behalf of a family member. *Id.* The citizen or permanent resident must establish his own lawful status as well as demonstrate that his relationship with his family member is genuine.

*Id.* After approval of the I-130 petition, and once an immigrant visa is available, the immigrant may apply for adjustment of status under § 245(a) of the INA. *Id.* The immigrant has the burden of establishing eligibility for the adjustment, which the immigrant can do by demonstrating that she "is eligible to receive an immigrant visa and has a visa immediately available" and that she "is not statutorily barred from adjustment," among other things. *Id.*

### 2. Analysis

We review a denial of a motion for continuance for an abuse of discretion. *Ukpabi v. Mukasey*, 525 F.3d 403, 407 (6th Cir. 2008). "An abuse of discretion occurs if the denial was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination." *Id.* (internal quotation marks and alteration omitted). "Where the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). "To the extent the BIA adopted the immigration judge's reasoning, however, this Court also reviews the immigration judge's decision." *Id.*

An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. §§ 1003.29, 1240.6; *see also Young Hee Kwak v. Holder*, 607 F.3d 1140, 1144 (6th Cir. 2010). The BIA has identified a number of factors to guide a determination of whether there is good cause to continue proceedings to afford the immigrant an opportunity to apply for adjustment of status. *See Hashmi*, 24 I. & N. Dec. at 790. Those factors include "(1) the DHS response to the motion;

(2) whether the underlying visa petition is prima facie approvable; (3) the [immigrant's] statutory eligibility for adjustment of status; (4) whether the [immigrant's] application for adjustment merits a favorable exercise of discretion; and (5) the reason for the continuance." *Id.* "While all these factors may be relevant in a given case, the focus of the inquiry is the apparent ultimate likelihood of success on the adjustment application." *Id.*

Here, the IJ observed that multiple factors weighed against a finding of good cause, the most crucial of which was that as long as the USCIS's prior determination of marriage fraud stood, Tian was statutorily barred from receiving an adjustment of status under § 204(c) of the INA. A.R. at 182 (Feb. 21, 2012 IJ Order at 5). This section bars immigration officials from approving visa petitions where "the alien has previously . . . sought to be accorded[] an immediate relative or preference status as the spouse of a citizen of the United States or the spouse of an alien lawfully admitted for permanent residence, by reason of a marriage . . . entered into for the purpose of evading the immigration laws." INA § 204(c), 8 U.S.C. § 1154(c). The IJ further observed that although both Smith and Swartz had an opportunity to appeal the finding of fraud after the denial of the I-130 petitions, they did not. A.R. at 182 (Feb. 21, 2012 IJ Order at 5). Thus, the IJ concluded there was no good cause for a continuance. *Id.* The BIA agreed, noting that without any evidence in the record to counter it, the prior finding of marriage fraud barred Tian from receiving an adjustment of status. *Id.* at 3 (BIA Op. at 1).

Neither decision is an abuse of discretion. Indeed, "we have declined to find an abuse of discretion when the petitioner did not provide any evidence that suggested a likelihood of

success on the merits of the pending petition." *Young Hee Kwak*, 607 F.3d at 1144 (internal quotation marks and alteration omitted). Nor is this a case in which the IJ "had little reason to believe [petitioner] would not be able to obtain an adjustment of status." *Cika v. Holder*, 344 F. App'x 208, 217 (6th Cir. 2009) (internal quotation marks omitted). The remainder of Tian's arguments, including that the IJ abused his discretion by failing to consider all of *Hashmi*'s suggested factors, are unpersuasive. *See* Petitioner Br. at 17–18. *See Abu-Khaliel v. Gonzales*, 436 F.3d 627, 634–35 (6th Cir. 2006).

## B. Motion to Terminate Removal Proceedings

Tian also filed a motion to terminate removal proceedings, arguing that the notice to appear (NTA) that she received violated DHS's policy and was therefore "unlawfully filed." A.R at 152 (Mot. to Terminate Removal Proceedings at 3). Tian's argument relies on an interoffice memorandum that provides, "In cases where fraud has been verified in a *Fraud Verification Memorandum* and the denial is at least in part based on a finding of fraud, USCIS will issue an NTA once it denies the case. The NTA must include the appropriate fraud charge." *Id.* at 160 (USCIS Policy Mem. at 6). As the IJ noted, however, the memorandum also provides, "This internal guidance is not intended to, does not, and may not be relied upon to create any right or benefit." *Id.* at 162 (USCIS Policy Mem. at 8). Thus, the IJ denied the motion to terminate removal proceedings. *Id.* at 55 (July 10, 2012 IJ Order at 3). The IJ also concluded that Tian's argument that she needed a formal charge of fraud in order to respond to the finding was unpersuasive. *Id.* As the IJ explained, Tian could have responded to the allegations or could

have, through Smith or Swartz, contested the finding when the first two I-130 petitions were denied. *Id.*

## III. CONCLUSION

Because the BIA's resolution of Tian's motion for continuance and motion to terminate removal proceedings was within its discretion and the confines of controlling authority, we **DENY** Tian's petition for review.