NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0128n.06

No. 14-3850

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Mar 03, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MARCO SOTO-MURILLO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| LORETTA E. LYNCH, U.S. Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE: CLAY, GILMAN, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Marco Soto-Murillo, a native and citizen of Mexico, petitions for review of a final order of removal issued by the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ's) denial of cancellation of removal. He contends that the BIA was "required" to appoint a three-member panel to his appeal. For the reasons set forth below, we deny the petition in part and dismiss in part.

As a preliminary matter, we lack jurisdiction to review the denial of discretionary relief in connection with the cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i); *Aburto-Rocha v. Mukasey*, 535 F.3d 500, 502 (6th Cir. 2008). Thus, we lack jurisdiction to consider Soto-Murillo's arguments challenging the IJ's weighing of the evidence. *Ettienne v. Holder*, 659 F.3d 513, 517 (6th Cir. 2011). Where, as here, a petitioner's claims "can be evaluated only by

engaging in head-to-head comparisons between the facts of the petitioner's case and [the BIA's] precedential decisions," we lack jurisdiction to review them. *Id.* at 518. We do, however, have jurisdiction to review constitutional claims and questions of law arising in connection with the denial of cancellation of removal pursuant to 8 U.S.C. § 1252(a)(2)(D). *Ettienne*, 659 F.3d at 517.

To the extent that Soto-Murillo's challenge is a constitutional one, respondent maintains that Soto-Murillo has not presented a colorable due process challenge because the BIA did not deprive him of fundamental fairness by referring his appeal to a single member instead of three-member panel. "We review de novo claims of due-process violations in deportation proceedings." *Denko v. INS*, 351 F.3d 717, 726 (6th Cir. 2003) (citation omitted).

The Due Process Clause of the Fifth Amendment guarantees aliens subject to removal a "full and fair hearing." *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001). To establish a procedural due process claim, a petitioner must show the deprivation of some cognizable "liberty" or "property" interest, such as the denial of a hearing, and resulting prejudice. *See id.*; *Vasha v. Gonzales*, 410 F.3d 863, 872 (6th Cir. 2005); *see also Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).

In this case, Soto-Murillo was not deprived of a full and fair hearing. He does not question the fairness of the single-member review, except that it should have been conducted by a three-member panel. "Through its rules, the Justice Department has . . . expressed its preference for dispositions by single Board members. In 8 C.F.R. § 1003.1(e), the department explains, '[u]nless a case meets the standards for assignment to a three-member panel . . . , all cases *shall* be assigned to a single Board member for disposition.'" *Koussan v. Holder*, 556 F.3d 403, 414 (6th Cir. 2009) (emphasis in original), *abrogated on other grounds by Judulang v.*

*Holder*, 132 S. Ct. 476 (2011). This rule provides that "[c]ases may only be assigned for review by a three-member panel if the case presents" one of six circumstances, including "[t]he need to review a clearly erroneous factual determination by an immigration judge." 8 C.F.R. §§ 1003.1(e)(6)(i)−(vi). "Even then, the regulation does not guarantee a three-member BIA panel as a matter of right." *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 425 (6th Cir. 2007) (observing that this court's precedent "'strongly supports' the view that Fifth Amendment due process does not include a constitutional right to a three-member BIA panel"). "Consequently, under the plain language of the regulation, even if one of the six criteria for three-member panel review were presented in a particular case, the Board need not empanel a multi-member decision-making body but may do so in its discretion." *Koussan*, 556 F.3d at 415. "Cases which are reviewed by a single member receive full consideration of the merits. . . . Regardless of whether an appeal is reviewed by a single member or by a three-member panel, the standard of review by which the BIA reviews the substance of the alien's claims is the same." *Vasha*, 410 F.3d at 876 n.6. We conclude that Soto-Murillo was not denied a fundamentally fair hearing.

To the extent that we interpret Soto-Murillo's argument as a non-constitutional challenge, we have previously rejected identical arguments raised by petitioner's counsel "attacking the BIA's 'streamlined review process,' including its use of single-judge dispositions." *Lazar v. Gonzales*, 500 F.3d 469, 471, 477 (6th Cir. 2007) (citation omitted). Whether an alien may challenge the BIA's decision to streamline his case pursuant to the Administrative Procedure Act remains an open question before this court. *See, e.g.*, *Hassan v. Gonzales*, 403 F.3d 429, 437 (6th Cir. 2005); *Nabhani v. Holder*, 382 F. App'x 487, 491 (6th Cir. 2010). But we need not resolve that question today because Soto-Murillo's argument fails on the merits. We review

legal questions involving immigration proceedings de novo. *Ramaj v. Gonzales*, 466 F.3d 520, 527 (6th Cir. 2006).

Under the plain language of the regulation, the BIA was not required to empanel a three-member panel. Even if such review were not discretionary, Soto-Murillo's sole argument that his appeal satisfies one of the § 1003.1(e)(6) criteria is that the IJ made a factual error. Specifically, he argues that the IJ incorrectly wrote that Soto-Murillo "first attempted to come to the United States in *2010* [but] was sent back [to Mexico] after being given the opportunity of seeing a judge in 2005." (Emphasis added.) Since the sentence is internally inconsistent, and, moreover, because it is obvious from the preceding paragraphs that the IJ meant 2003, not 2010, this is nothing more than a typographical error. *See* Immigration Judge Opin., Admin. Record, at 73 ("[I]t is quite clear that the respondent first attempted to come into the United States in 2003."); 81−84. In any event, this error is highly distinguishable from the error in *Diallo v. Gonzales*, 241 F. App'x 312 (6th Cir. 2007), which Soto-Murillo cites for the proposition that we may not speculate as to whether an error affected the IJ's decisionmaking process. (Pet. Br., at 20.) In *Diallo*, we could not determine from the record whether the IJ applied the correct legal standard. *Id.* at 315−16. By contrast, in this case, the error amounts to a typographical error, nothing more. In short, it is doubtful that there was any "need" for the BIA to review the error by a three-member panel. *See* 8 C.F.R. § 1003.1(e)(6)(v).

For these reasons, the petition for review is denied in part and dismissed in part.