**Felix MELCHOR–REYES,**
**Petitioner–Appellant,**

v.

**Loretta E. LYNCH, U.S. Attorney**
**General, Respondent–**
**Appellee.**

No. 15–3929.

United States Court of Appeals,
Sixth Circuit.

April 12, 2016.

BEFORE: SILER, SUTTON, and STRANCH, Circuit Judges.

## OPINION

JANE B. STRANCH, Circuit Judge.

Felix Melchor–Reyes, a native and citizen of Mexico, petitions this court for review of an order of the Board of Immigration Appeals (BIA) denying his application for withholding of removal and protection under the Convention Against Torture (CAT).[1] We hold that the BIA's order

---

1. Melchor–Reyes did not apply for asylum because his claim would have been time-

denying withholding of removal and CAT protection was supported by substantial evidence, and we are unpersuaded by Melchor–Reyes's challenge to the BIA's streamlined review of his application. Accordingly, we DENY Melchor–Reyes's petition for review.

## I. BACKGROUND

Felix Melchor–Reyes is a citizen and native of Mexico who illegally entered the United States in October 2003. In February 2012, the Department of Homeland Security (DHS) charged Melchor–Reyes with removability under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present without being admitted. Melchor–Reyes conceded removability, then applied for withholding of removal and CAT protection.

In November 2013, Melchor–Reyes appeared before an immigration judge (IJ) for a hearing on his withholding of removal and CAT claims. At the hearing, he testified that he fled from Mexico to the United States because three gang members had threatened and beaten him for refusing to join their gang. One of the gang members, he alleged, had stabbed his leg and underarm. When asked why he did not want to return to Mexico, he explained that it had been a "long time," he did not "know how things are," and he was concerned because "of the problem I had." (A.R. at 137.) He also testified that he did not "want to take [his] kids" because he was "afraid that maybe [the gangs will] take it out on my children because of what I didn't do for them." (Id.) He did not testify to any other incidents of persecution or torture.

The IJ denied his application. The IJ found that Melchor–Reyes was not credi-

barred.

ble, noting various inconsistencies between his application and testimony. The IJ also concluded that: Melchor–Reyes had failed to present any corroborative evidence that would rehabilitate his testimony; his alleged social groups, "Americanized Mexican" and "victims of gang violence and unwilling gang recruits," did not entitle him to withholding of removal; and he could avoid future persecution by relocating to another part of Mexico. With regard to the CAT claim, the IJ held that Melchor–Reyes had failed to "demonstrate anybody would want to harm him, let alone that such harm would rise to the level of torture and it would be done by somebody that had the required affiliation or nexus with the government of Mexico." (A.R. at 85.)

Melchor–Reyes appealed to the BIA. The BIA dismissed the appeal, finding that: the IJ's adverse credibility determination was not clearly erroneous; Melchor–Reyes had not presented any corroborative evidence that would rehabilitate his testimony; "Americanized Mexican" and "victims of gang violence and unwilling gang recruits" were not cognizable social groups; and Melchor–Reyes had failed to challenge the IJ's determination that he could avoid future persecution by locating to another part of Mexico. The BIA also held that the "adverse credibility finding undermine[d] his [CAT] claim," and "the general evidence of country conditions does not in itself meet his burden of proof." (A.R. at 5.) This appeal followed.

## II.   ANALYSIS

"Where the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the [IJ]'s decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir.2009). To the extent that the BIA adopted the IJ's reasoning, we also review the IJ's decision. *Id.*

The BIA's findings of fact, including adverse credibility determinations, are reviewed for "substantial evidence." *Marouf v. Lynch*, 811 F.3d 174, 180 (6th Cir.2016). Under this standard, these findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (citing 8 U.S.C. § 1252(b)(4)(B)). "If administrative findings are supported by substantial evidence, the adverse credibility determination is entitled to deference regardless whether the inconsistencies 'bear on the heart' of a petitioner's claims." *Id.; see also* 8 U.S.C. § 1158(b)(1)(B)(iii).

### A.   Withholding of Removal Claim

"To prevail on a petition for withholding of removal ... an alien must show that it is more likely than not that he would be subject to persecution ... were he removed from this country." *Marouf*, 811 F.3d at 179. "If the applicant is determined to have suffered past persecution in the proposed country of removal ... it shall be presumed that the applicant's life or freedom would be threatened in the future in the country of removal on the basis of the original claim." *Id.* at 188 (quoting 8 C.F.R. § 208.16(b)(1)(i)). Although persecution is undefined in the applicable statutes, we have held that persecution "requires more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty." *Id.*

The IJ found that Melchor–Reyes's account of past persecution was not credible, and the BIA held that this factual determination was not clearly erroneous. "We review the grounds relied on by the BIA to determine whether the adverse credibility determination was supported by

substantial evidence." *Singh v. Lynch,* 632 Fed.Appx. 250, 253 (6th Cir.2015).

In the present case, the BIA relied on three inconsistencies. First, the BIA observed, Melchor–Reyes testified inconsistently about the names of the three gang members who assaulted him. In his application, he wrote that a gang member named "Roberto" was nicknamed "Charal," and that the two other gang members were named "Jose" and "Pedro." At his hearing, however, he testified that "Charal" was actually named "Oscar." He also testified that one of the other gang members was named "Juan," and he could not remember the third gang member's name. Second, the BIA noted, Melchor–Reyes wrote in his application that the gang had threatened him "with a gun to [his] head," (A.R. at 268), but he testified that the gang did not put a gun to his head. And third, the BIA observed, Melchor–Reyes testified that he had been stabbed by one of the gang members, but did not mention the stabbing in his application.

Melchor–Reyes does not contest or explain any of these inconsistencies in his opening brief.[2] Instead, Melchor–Reyes points to the IJ's finding that he had testified inconsistently about the location of the stab wound. As Melchor–Reyes concedes, however, the BIA did not rely on this inconsistency in upholding the adverse credibility determination. We thus do not address this alleged error. *See Singh,* 632 Fed.Appx. at 253 n. 1 (declining to address appellant's challenges to certain "credibility-related findings made by the IJ ... [b]ecause the BIA did not rely on these findings"). Given the blatant inconsistencies between Melchor–Reyes's application and testimony, we find that the adverse credibility determination was supported by substantial evidence.

Melchor–Reyes has not presented any other evidence to support his claim of past persecution. Under such circumstances, an adverse credibility determination is fatal. *See Slyusar v. Holder,* 740 F.3d 1068, 1072 (6th Cir.2014) (citing *Perlaska v. Holder,* 361 Fed.Appx. 655, 661 & n. 6 (6th Cir.2010), for the proposition that "[a]n adverse credibility determination is fatal to claims for ... relief from removal, preventing such claims from being considered on their merits"); *Perlaska,* 361 Fed. Appx. at 661 & n. 6 (observing that the IJ's "determination of the applicant's credibility ... can be dispositive," and that "the more crucial the testimony of the applicant is to the resolution of the case, the more important the credibility determination becomes").

Additionally, even if Melchor–Reyes could show that, despite his failure to present evidence of past persecution, it is more likely than not that he would face future persecution based on his unwillingness to join the gang, he has conceded that he can avoid this persecution by relocating to another part of Mexico. "An applicant who has not suffered past persecution may demonstrate that his or her life or freedom would be threatened in the future in a country if he or she can establish that it is more likely than not that he or she would be persecuted on account of ... membership in a particular social group ... upon removal to that country." 8 C.F.R. § 1208.16(b)(2). However, "[s]uch an applicant cannot demonstrate that his or her life or freedom would be threatened if the ... immigration judge finds that the applicant could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so." *Id.* Where "the applicant has not

---

**2.** He abandons the withholding of removal claim entirely in his reply brief.

established past persecution," as here, "the applicant shall bear the burden of establishing that it would not be reasonable for him or her to relocate, unless the persecutor is a government or is government-sponsored." *Id.* § 1208.16(b)(3)(i).

The IJ found that Melchor–Reyes could relocate "elsewhere in Mexico and avoid the people that would want to harm him." (A.R. at 85; *see also* A.R. at 164 (admitting that if he relocated to Mexico City, he would be 24 hours from the gang); A.R. at 176 (stating that a number of his siblings have moved away from his village).) Melchor–Reyes did not contest this finding in his appeal to the BIA, which concluded that he had forfeited the issue. In his appeal to our court, Melchor–Reyes has again failed to address this dispositive issue. It is therefore waived. *See Cruz–Samayoa v. Holder,* 607 F.3d 1145, 1155 (6th Cir.2010).[3]

■ Lastly, Melchor–Reyes alleges that he would face future persecution because he is now "Americanized." At his hearing, he was asked how he would "be viewed by persons in Mexico coming from the United States." (A.R. at 139.) In response, he testified,

> Well, sometimes many people that are here and go back there ... they start getting threatened. They think that you're carrying a lot of money or taking a lot of money back. And sometimes they'll say if you don't give me that money, that's where the threats start.

They'll say they'll kidnap you and they'll—that's where problems start. (A.R. at 139.) Thus, although Melchor–Reyes also testified that he did not know what the term "Americanized" meant, his argument appears to be that he will be persecuted for having lived in the United States and, relatedly, being perceived as wealthy.

We have "repeatedly rejected the position that individuals returning from the United States to their home countries comprise a particular social group." *Sanchez–Robles v. Lynch,* 808 F.3d 688, 692 (6th Cir.2015); *id.* ("[P]eople who are perceived as wealthy because they worked in the United States and returned to Mexico ... do not constitute a particular social group." (citation omitted)). Moreover, we have also held that "criminal exploitation motivated by the perceived wealth of former inhabitants of the United States is not persecution based on a protected ground." *Id.* (citation omitted). Accordingly, Melchor–Reyes cannot obtain withholding of removal on this basis either. We thus deny his petition for review of this claim.[4]

**B. CAT Claim**

■ To be eligible for CAT protection, an applicant must show that it is "more likely than not that he ... would be tortured if removed." *Marouf,* 811 F.3d at 179. "The same credibility standard applies to claims for asylum, withholding of removal, and for relief under the torture convention." *Slyusar,* 740 F.3d at 1074.

---

3. Because this issue is dispositive, we do not reach whether the BIA properly found that "victims of gang violence and unwilling gang recruits" is not a cognizable social group.

4. In his opening brief, Melchor–Reyes argues that we should remand because "he did not have the benefit of two intervening BIA precedent decisions that clarified his burden of proof requirements for substantiating a particular social group." (Pet'r's Br. at 44.)

Thus, he contends, he should be allowed to "re-frame the social group" based on new evidence. (Pet'r's Br. at 43.) But we directly addressed this alleged social group in previous decisions, holding that it does not qualify as a particular social group; new evidence will not alter this conclusion. *See Sanchez–Robles,* 808 F.3d at 692. Remand is therefore unnecessary.

We have already held that the BIA's adverse credibility determination was supported by substantial evidence. Thus, absent other evidence establishing that it is more likely than not that Melchor–Reyes would be tortured if removed to Mexico, the adverse credibility determination is fatal to his CAT claim as well.

Melchor–Reyes's only other evidence is a State Department country report indicating that Mexican military and police officials have engaged in torture. The BIA concluded that this "general evidence of country conditions does not in itself meet his burden of proof." (A.R. at 5.) We affirm the BIA's determination. Melchor–Reyes needed to "establish a *particularized* threat of torture." *Cruz–Samayoa v. Holder*, 607 F.3d 1145, 1155 (6th Cir.2010). He failed to do so: he did not provide evidence or explanation showing why Mexican military or police officials would have reason to torture him. Absent such evidence or explanation, Melchor–Reyes's CAT claim fails; the State Department report's generalized allegations of torture do not, on their own, compel the conclusion that it is more likely than not that Melchor–Reyes himself would be tortured upon removal to Mexico. *Id.* at 1156.

## C. Challenge to Streamlined BIA Review

■ Melchor–Reyes challenges the BIA's decision to streamline his appeal—that is, refer his appeal to a single judge rather than a three-judge panel. His argument here is somewhat unclear, but it appears to be that streamlined review either violated his constitutional right to due process or violated the Administrative Procedures Act.

To the extent that Melchor–Reyes is advancing a due process challenge, we have foreclosed his claim. We have "reaffirmed ... on numerous occasions" that "the streamlined procedures of the BIA do not violate due process." *Lumaj v. Gonzales*, 462 F.3d 574, 576 (6th Cir.2006) (citing *Denko v. INS*, 351 F.3d 717, 729 (6th Cir.2003)).

Although Melchor–Reyes focuses on due process in his brief, he cites a number of cases considering whether an applicant may challenge the BIA's decision to streamline his case under the Administrative Procedures Act. This remains an open question in this circuit. *See Soto–Murillo v. Lynch*, No. 14–3850, 643 Fed.Appx. 504, 506–07, 2016 WL 832452, at *2 (6th Cir. Mar. 3, 2016); *Lopez–Salgado v. Lynch*, 618 Fed.Appx. 828, 833–34 (6th Cir.2015).

Melchor–Reyes correctly identifies 8 C.F.R. § 1003.1(e)(6) as the regulation governing when a case may be assigned to a three-judge panel. He contends that, pursuant to § 1003.1(e)(6)(v), a three-member panel was "necessary to review the [IJ's] clearly erroneous factual claims." (Pet'r's Br. at 54.) Because we have already held that the IJ's factual findings were supported by substantial evidence, however, this challenge would fail on the merits. Thus, like other panels that have considered this issue, "[w]e see no need to wade into this divide today" because Melchor–Reyes's "claim would fail even if we had jurisdiction over it." *Lopez–Salgado*, 618 Fed.Appx. at 834.[5]

---

**5.** Melchor–Reyes also objects to the length of the BIA's order, which was three pages. The relevant regulation provides that if "the decision is not appropriate for affirmance without opinion" the BIA judge "shall issue a brief order affirming, modifying, or remanding the decision under review." 8 C.F.R. § 1003.1(e)(5). We disagree with Melchor–Reyes's assertion that a three-page order is not "brief." Additionally, his argument seems to be that the length of the order somehow indicates that the adverse credibility de-

## III. CONCLUSION

For the foregoing reasons, we DENY Melchor–Reyes's petition for review.

termination was clearly erroneous, and that a three-judge panel was needed to reverse this error. As with his argument under § 1003.1(e)(6)(v), this argument is meritless because substantial evidence supported the adverse credibility determination.