**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0624n.06

No. 12-4053

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| BANDAR ABU KARSH, | ) | **FILED**<br>Dec 17, 2019<br>DEBORAH S. HUNT, Clerk |
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
|  | ) | BOARD OF IMMIGRATION |
| WILLIAM P. BARR, Attorney General, | ) | APPEALS |
|  | ) |  |
| Respondent. | ) |  |

O R D E R

Before: WHITE, STRANCH, and NALBANDIAN, Circuit Judges.

Bandar Abu Karsh, a native of Saudi Arabia and citizen of Jordan, petitions through counsel for review of a decision of the Board of Immigration Appeals ("BIA"). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In 2007, the United States admitted Karsh on a student visa so that he could attend the University of Toledo. He received approval to transfer to the University of Bridgeport and begin classes in the spring of 2008. When he failed to enroll, the University of Bridgeport terminated his enrollment and the Department of Homeland Security personally served him with a notice to appear.

At a hearing on May 6, 2009, Karsh conceded removability, but stated that he had married a United States citizen (Helen Caballero) and was seeking an adjustment of status on that basis under an I-130 petition filed by his wife. The immigration judge ("IJ") granted the first of seven continuances related to the I-130 petition.

In 2010, the United States Citizenship and Immigration Services issued a notice of intent to deny the I-130 petition for various reasons, which included: Caballero's prior marriage for the admitted purpose of obtaining an immigration benefit for her first husband; her second marriage to a man who the United States had deported; Karsh's and Caballero's conflicting responses at an interview; and lack of evidence of commingled financial resources. Although Caballero responded to the notice, the I-130 petition was denied because her response addressed few discrepancies from the interview, the marriage occurred after Karsh was in removal proceedings, and there was little evidence that Karsh had a financial stake in Caballero's residence. Thus, Caballero failed to establish by clear and convincing evidence that she had not entered into her marriage to Karsh for immigration purposes. *See* Immigration and Nationality Act § 245(e)(3) (codified at 8 U.S.C. § 1255(e)(3)). Caballero appealed and filed a second I-130 petition. The appeal of the first I-130 petition was denied in 2011.

Upon learning of the pending second I-130 petition at a hearing, the government objected to any further continuances. Karsh's attorney responded that Caballero had since received a diagnosis of schizophrenia, that her schizophrenia had caused behavior contributing to the denial of the first I-130 petition, and that she now received medication. In an oral decision, the IJ declined to grant a continuance because there was "no reason to believe from the evidence presented" that an IJ would adjudicate the second I-130 petition differently. On October 5, 2011, the IJ ordered Karsh's removal. In 2012, the BIA affirmed the IJ's decision without opinion, and the United States removed Karsh to Jordan.

Karsh filed this appeal, arguing that: (1) the IJ erred by denying the last continuance; (2) the BIA incorrectly held that the IJ acted reasonably when confronted with translation difficulties; and (3) the BIA erred by affirming the IJ's decision without opinion. This court stayed proceedings during the pendency of the second I-130 petition until 2019, when Karsh discontinued his efforts to gain readmission to the United States.

"When the BIA affirms an IJ's decision without issuing its own opinion, we review the IJ's decision directly as the final administrative order." *Suarez-Diaz v. Holder*, 771 F.3d 935, 941 (6th Cir. 2014) (citing *Hasan v. Ashcroft*, 397 F.3d 417, 419 (6th Cir. 2005)).

We review an IJ's denial of a request for a continuance for an abuse of discretion. *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1047 (6th Cir. 2007). "An abuse of discretion occurs if 'the denial . . . was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination.'" *Id*. (quoting *Abu-Khaliel v. Gonzales*, 436 F.3d 627, 634 (6th Cir. 2006)). Factors that an IJ can consider in deciding whether to grant a continuance include, among other things, the government's opposition to a continuance, the likelihood of success on the merits, and the number and length of continuances previously granted. *Young Hee Kwak v. Holder*, 607 F.3d 1140, 1144–45 (6th Cir. 2010); *see also Kaddoura v. Holder*, 472 F. App'x 367, 372 (6th Cir. 2012).

We conclude that the IJ did not abuse his discretion by denying Karsh's motion for a continuance. The government opposed the continuance, the seven prior continuances delayed proceedings for 2½ years, and the likelihood of success on the merits on the second I-130 petition was low for the same reasons that the first I-130 petition was denied.

We decline to address Karsh's argument that the BIA incorrectly held that the IJ acted reasonably when confronted with translation difficulties. Karsh fails to elaborate on his argument in his brief, and "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997).

Finally, we conclude that the BIA acted permissibly by affirming the IJ's decision without an opinion. Summary affirmance is authorized by federal regulation and we have reaffirmed on numerous occasions that streamlined BIA review does not violate due process. *See* 8 C.F.R. § 1003.1(e)(4); *Denko v. INS*, 351 F.3d 717, 730 (6th Cir. 2003); *see also Melchor-Reyes v. Lynch*, 645 F. App'x 381, 386 (6th Cir. 2016).

For these reasons, we **DENY** Karsh's petition for review.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk